Bower vs. Higbee, et al.

---

## BOWER vs. HIGBEE, ET AL.

1. A party claiming a pre-emption right under the act of Congress of 1st June, 1840, can not maintain an action of replevin for timber cut on the land, before his right is proved.

2. A lease for 99 years, of land to which the lessor is only entitled to a right of pre-emption is void under that act.

APPEAL from Platte.

S. L. LEONARD, for the Appellant.

The appellant relies upon the following

POINTS AND AUTHORITIES.

1. Whenever timber is severed from the soil, it becomes personalty, and is a proper subject for the action of replevin, (see Cresson and others vs. Stout, 17 Johns. Rep. 116,) and more especially under our statute which gives the action for detention merely.

2. A trespasser acquires no property, either general or special, to timber by cutting it. See Turley vs. Tucker, 6 Mo. Rep. 583 ; Ranson vs. Benton, Ib. 592. If, then, timber severed from the realty, may be subject of replevin, and the trespasser (as appellee in this case was) obtains no property by his trespasses, either the landlord or the tenant must be entitled to maintain the action. And

3. The tenant is the proper person to bring the action—see 4 Kent, 77—and especially is such the fact, when the tenant is clothed with privileges so large as in this case.

4. The plaintiff was in possession—for having a right to the possession of the whole, and being in the cultivation and possession of a *field* thereon, he is constructively in possession of the whole, except the enclosures actually occupied by defendant.

5. The validity of the lease cannot be enquired into in this collateral proceeding, it being, if invalid, voidable not void.

6. It is immaterial whether plaintiff offered legal testimony of the entry of the land by Eiler, for the acts complained of were committed long before the pre-emption right ceased, if never proved ; and indeed before the land office was opened, or it was possible to have proved, Eiler's right. And if the right to maintain the action was good when the suit was instituted, that is sufficient.

HICKMAN & JONES for Appellees.

POINTS AND AUTHORITIES.

The appellees rely on the following, in support of the judgment of the court below :

1. That replevin will not lie for timber severed from land by a per-

son in possession, claiming title to the land from which the timber is severed, (8 Cow. Rep. 220; 4 Cow. Rep. 338; 2 N. Y. Digest 288.)

2. That the 99 year lease from Eiler to appellant, is void; because it contravenes the spirit, policy and letter of the pre-emption law of 22d June, 1838, (3 Am. Com. Law 365-6; 4 Halst. N. J. Rep. 352; 2 Johns. Rep. 386; 12 John. Rep. 306; 19 John. Rep. 311; 7 Ohio Rep. 77-8; 4 Johns. Rep. 413; 3 Caine's Rep. 213.

6. The court properly rejected the evidence offered by appellant as to the entry of the land by Eiler, the certificate of entry being the best evidence.

4. The pre-emption right of said Eiler to said land, was forfeited by his neglecting to enter the same at the land office, prior to the land sales, (see pre-emption laws of 22d June, 1838.)

5. That the declaration is substantially defective—there not being a sufficient affidavit to support the same. Revised Statutes Mo. 527, sec. 1 and 3.


SCOTT, J., delivered the opinion of the court.

Jacob Eiler was entitled to a right of pre-emption to a qr. sect. of land in Platte county, under the act of Congress 1st June, 1840. In the spring of 1841, he leased the qr. sect. land to which he had a pre-emption right, to the plaintiff Bowers, for ninety-nine years. In the year 1842, the defendants, Higbee and others, made rails on the tract of land leased to Bower, and took them away. Bower, the lessee and plaintiff, brought an action of replevin to recover the rails, in which he submitted to a non-suit, in consequence of instructions given and refused by the court, and a motion being filed to set aside the non-suit which was overruled, he appealed to this court. Eiler did not prove his right to a pre-emption until some considerable time after the rails were made and removed. An act of Congress renders void all transfers of a right of pre-emption made before the issuance of a patent.

The question arising on this state of facts, is, whether the plaintiff can maintain an action of replevin for rails made on the land subject to the right of pre-emption.

Admitting the lease to Bower to be valid, and that it substituted him to all the rights of Eiler, yet can he maintain this action. What is a pre-emption right? Is it any interest in the land? Is it certain that the party entitled to it, will ever avail himself of it? Until he does, there is certainly no surety that he ever will acquire any right. What

if a person entitled to a right of pre-emption should die before proof of his right, will it descend? A pre-emption is nothing but an offer by the government to an individual settled upon the public lands, which he may or may not accept. The circumstance that the period has not arrived when the acceptance can be signified, makes no difference. That he will accept may be presumed, but still an absolute certainty that he will accept, when the time for acceptance comes, will not confer any right, until an acceptance is actually signified in the manner prescribed by law. Timber cut upon land belongs to the tenant in fee simple, a tenant for life even has no right to it. On what principle is a pre-emption claimant entitled to it? But for our statute no right of action would be in a pre-emption claimant. That statute has given an action of trespass, and his remedy on principle would seem to be confined to the words of the statute. ' Ejectment 237, sec. 27. If one individual bound himself to another, that until the expiration of a limited time, the latter should have the right of purchasing his land at a stated price, would he to whom this obligation is made, acquire any right to the land, until he had actually accepted the offer? Upon an investigation it has been ascertained that similar views with respect to the nature of a right of pre-emption to the public lands of the United States, have been entertained by the courts of other States, in which the land laws of the federal government prevail. Davenport vs. Farrar, 1 Scammon Rep. 314; Quails 4 Blackford 286.

I have no doubt about the invalidity of the lease. So bold a contrivance to evade the law ought not to be countenanced, and to enter into an argument to show its invalidity, would be treating it with a dignity of of which it is altogether unworthy.

The other judges concurring, the judgment is affirmed.

Judgment affirmed.