JAMES BRAY, Defendant in Error, *vs.* R. J. RAGSDALE, *et al.*, Plaintiffs in Error.

1. *Lands and Land Titles—Pre-emption Claims—Interest in Lands.*—A pre-emption claim constitutes no interest in lands.

2. *Sheriff's Sales—Pre-emption Claims.*—A pre-emption claim cannot be levied on and sold on execution.

### Error to Green Circuit Court.

*W. C. Price & Wright,* for Plaintiffs in Error.

An improvement on public lands is not subject to an execution sale. (Hatfield vs. Wallace, 7 Mo., 112.) A pre-emption, until accepted by proof of the pre-emption and payment of the money, amounts to nothing more than an improvement on the public lands. The plaintiff acquired nothing by his purchase on execution, the privilege of the pre-emption being personal. (Bowen vs. Higbee, 9 Mo., 256; Davenport vs. Farrar, 1 Scamm., 314; Rasor vs. Qualls, 4 Blackf., 286.)

*Baker & Ellis,* for Defendant in Error.

This was a Railroad pre-emption proved up, and defendant in actual occupation of land at time of sale by the Sheriff on execution against the defendant. Such pre-emption was an "interest in land." (W. S., 605, 606,§§ 16, 18; *Id.* 558, § 2. Thregdill vs. Pintard, 12 Howard, 36; Pierson vs. David, 1 Iowa, 23; Allison vs. Hunter, 9 Mo., 741; Waller vs. Von Phul, 14 Mo., 87. Sess. Acts 1858–9, p. 65, § 6.)

WAGNER, Judge, delivered the opinion of the court.

This was an action of ejectment to recover the possession of certain lands which the plaintiff purchased at Sheriff's sale, as the property of the defendant. The land constituted a part of the grant made by the government of the United States to the State of Missouri, and which are commonly known as railroad lands; and defendant pre-empted the same under the laws of this State.

The principle question to be first considered, is: Was the defendant's pre-emption such an interest in land as could be

sold under execution? The law conferring the right of pre-emption declares, that all pre-emptions under that or any former law shall be transferable; and the person purchasing any pre-emption shall have the same right to enter as the original pre-emptor had, by first obtaining in writing all the right of the pre-emptor, acknowledged before some justice of the peace, and duly certified by the Clerk of the Circuit Court in the county where the land lies. (Sess. Acts. 1858-9, p. 65, § 6.).

The statute makes vendible under execution all real estate whereof the defendant, or any person for his use, was seized in law or equity at the time of the rendition of the judgment, whereon execution issued, or at any time thereafter. (1. W. S., p. 605, § 16.)

That the act of the Legislature, giving the privilege of pre-emption, clothes it with the character of transferability, does not necessarily impart to it such an interest as would make it subject to sale on execution.

The settled doctrine for many years has been that a pre-emption claim constitutes no interest in lands.

In the case of Bower vs. Higbee, (9 Mo., 256,) Judge Scott, writing the opinion of the court, uses this language: "What is a pre-emption right. Is it any interest in the land? Is it certain that the party entitled to it will ever avail himself of it? Until he does there is certainly no surety that he ever will acquire any right. What if a person entitled to a right of pre-emption should die before proof of his right, will it descend? A pre-emption is nothing but an offer by the Government to an individual settled upon the public lands, which he may or may not accept. The circumstance, that the period has not arrived when the acceptance can be signified, makes no difference. That he will accept may be presumed, but still an absolute certainty that he will accept, when the time for acceptance comes, will not confer any right, until an acceptance is actually signified in the manner prescribed by law."

A person settling upon the land under a pre-emption, evi-

dently gets no title, till he has complied with the conditions of the law. If he fails to comply, then certainly he has no right. Till the time arrives when he signifies his acceptance, he surely is not seized, either in law or equity, of any interest or title in the land. Till he fulfills the prescribed conditions of the law, the title remains in the government. He may abandon the pre-empted lands at any time, and then there could be no pretext that he had either a legal or an equitable seizure.

The cases of Thredgill vs. Pintard, (12 How., 36), and Pierson vs. David, (1 Iowa, 23), cited by the respondent's counsel, do not militate against the views above announced. These cases decide, that where a person upon the public lands has a pre-emption right to them, and sells them to another party, the original vendor has a lien upon the land for the purchase money due, and can enforce it in chancery, notwithstanding the vendee has procured a patent in his own name.

But it will be perceived in the above cases, that the title was consummated, and the court merely interfered to adjust the equities between the parties.

The case here, however, is widely different. Here there are no equities, and the claims may never ripen into a title of any character.

I think that the court erred in holding that defendant possessed such a title as might be sold on execution, and the judgment will be reversed.

Judges Vories and Napton concur. Judges Adams and Sherwood not sitting.