DELCO LIGHT COMPANY, a Corporation, *Plaintiff in Error,*
v. JOHN LEROY HUTCHINSON PROPERTIES, a Corporation,
*Defendant in Error.*

Division A.

Opinion filed March 4, 1930.

Petition for rehearing denied April 17, 1930.

*M. D. Carmichael* and *R. K. Lewis,* for Plaintiff in Error;

*Vocelle & Mitchell,* for Defendant in Error.

412

ELLIS, J.—The Delco Light Company, a corporation, brought an action of replevin against John LeRoy Hutchinson Properties, a corporation, to recover possession of twenty ice producing or refrigerating machines called "Frigidaires" and their attachments.

The machines were sold by Reed & Gallentine, a partnership, to LeRoy Hutchinson Properties. The transaction was evidenced by a written agreement called a conditional sales contract in which it was provided that the title to the property should not pass to the purchaser until the amount agreed by the purchaser to be paid for the machines should be fully paid in cash.

The plaintiff's claim to the right of immediate possession of the "Frigidaires" rests upon the following propositions: First, that the defendant, LeRoy Hutchinson Properties, had failed to pay for the machines; that there was a balance due upon the purchase price of $3,591.50 which the defendant refused to pay; that Reed & Gallentine had assigned the contract to General Motors Acceptance Corporation, which in turn assigned the contract to the plaintiff.

The defendant's defense rested upon the proposition that the seller of the machines agreed to install them in an apartment building in Vero Beach owned and operated by the defendant so that the machines could be used by the tenants in the apartments, but that the installation of the machines by the seller was so negligently and inefficiently done that noxious and poisonous gases escaped from them into the apartments making them uninhabitable and causing annoyance and inconvenience to the tenants of the apartment and consequent injury and damage to the defendant.

The contract contained provisions to the effect that if the purchaser of the machines defaulted in any payment

provided for under the terms of the contract the seller might take possession of the machines, including the equipment and accessories, without demand.

The declaration alleged that the defendant wrongfully detained the machines and refused to surrender possession of them to the plaintiff.

There were two pleas to the declaration: one a plea of not guilty and the other, what counsel for the plaintiff in error, plaintiff below, is pleased to call, a "plea of counterclaim." The second plea is here set out in full. It is as follows:

"That this defendant purchased from the plaintiff the property described in paragraph 1 of the declaration and that this defendant has paid to the plaintiff on the purchase price thereof the sum of $1,551.50; that the plaintiff promised and agreed to install said frigidaires and compressors in an apartment building in the City of Vero Beach, Florida, owned and operated by defendant as an apartment house and the plaintiff promised and agreed to properly install said frigidaires and compressors so that the same could be used for the purpose of supplying ice and refrigeration for tenants in said apartments; that the said plaintiff did not comply with its said agreement, in that the said plaintiff did not properly install said frigidaires and compressors, but on the contrary installed the same in such a negligent and careless manner that the same could not be used for the purposes intended and caused noxious and poisonous gases to escape in the apartments, thereby making the same uninhabitable and caused great annoyance and inconvenience to the tenants thereof, all to the injury and damage of this defendant in the sum of $10,000. And

this defendant, therefore, claims judgment against the plaintiff in the said amount of $10,000.''

The plaintiff demurred to the second plea upon the grounds that it constituted no defense and that the facts averred were admissible under the general issue. There was a motion to strike the plea upon the same ground. The demurrer was overruled and the motion denied. The plaintiff then replied that it did not promise to install the Frigidaires and compressors as averred.

The case came on for trial and the court held that the evidence of the plaintiff failed to show a valid assignment of the contract from the General Motors Acceptance Corporation to the plaintiff in that the assignment was not shown to have been executed by anyone authorized to execute the same on behalf of the General Motors Acceptance Corporation and that it did not appear that the purported assignment was made prior to the institution of the case. It appears that the court held that the assignment was shown to be under the seal of the General Motors Corporation. Mr. C. W. Bishop, a witness for the plaintiff, testified that he had seen the corporation seal of the General Motors Company. An objection to a question inquiring if he had seen the seal was made by the Defendant's counsel. Before the objection was interposed the witness answered in the affirmative. Objection to the question was then interposed and overruled. There was no motion to strike the answer. The following question was then propounded: ''Is this the corporate seal of the General Motors Acceptance Corporation appearing on this paper? (Indicating on paper).'' The witness answered: ''It is.'' There was an objection to the question and the objection was overruled. The objection was raised after the question was answered and there was no motion

to strike the answer. When the assignment of the contract from the General Motors Corporation was offered in evidence objection was made to its introduction and the court sustained the objections in the following language: "Sustain all the objections that Mr. Vocelle made to the assignment, with the exception of those he asked him about the seal—the same questions I ruled on before. All questions sustained, except those two questions about the seal. Exception noted for Plaintiff."

Mr. Vocelle was attorney for the defendant and asked no questions about the seal. Mr. R. K. Lewis for the plaintiff propounded the questions to the witness concerning the execution of the written assignment as well as those pertaining to the corporation's seal. The bill of exceptions shows that objections to the questions as to the execution of the assignment were sustained but those as to the identity of the corporate seal were overruled.

As well as one may gather from the confusion of words appearing in the bill of exceptions in this connection, it seems that the court ruled that the evidence as to the identity of the corporation's seal was admissible but that the plaintiff failed to show due authority for the execution of the instrument in the corporation's name; and that if the written assignment was valid it was inadmissible because it did not appear to have been executed before the action was begun.

There was an instructed verdict for the defendant and the plaintiff took a writ of error.

The second plea, when considered in connection with the subject matter and character of the action, may not be properly termed either a plea or set off, counter claim or recoupment. The rule under which the court may in some cases and should in others take judicial notice of matters and things is not inapplicable. The court should

take notice of natural laws and their application and use in industry, matters of art and science which are generally known and recognized will be judicially noticed. As said by the Supreme Court of the United States, the natural law upon which the operation and usefulness of an ice cream freezer depends is judicially noticed. See Brown v. Piper, 91 U. S. 37, 23 L. Ed. 200.

Many facts of current knowledge and interest may be judicially noticed as matters of common knowledge although no logical classification of them is possible. At one time the common use of bicycles wes judicially noticed. See Rochester &c. Turnpike-Road Co. v. Joel, 41 App. Div. 43, 58 N. Y. Supp. 346.

That telephones have become an ordinary medium of communication and interchange of thought is judicially noticed. See Globe Printing Co. v. Stahl, 23 Mo. App. 451.

The nature of a telegraph line is judicially noticed. See Youree v. Vicksburg, S. & P. R. Co., 110 La. 791, 34 So. R. 779.

So it follows that the use of automatic or selfproducing ice machines for refrigeration and domestic use may be noticed as well as the method by which they are operated. One type of such machines is called a ''frigidaire.'' It may be judicially noticed that it consists of an ice box like arrangement supplied with machinery driven by some kind of power, usually electricity, and supplied with a circulating liquid which upon vaporizing produces the necessary freezing temperature within the box to secure the objects for which it is designed and sold. It may be noticed that such machines must be assembled and placed where they are intended to be used and supplied by suitable connections with the power intended to be used to secure the end for which they are sold.

The second plea merely averred that when the defendant purchased the machines the seller agreed to install them properly so they could be used for the purpose of supplying ice and refrigeration for tenants in the apartments where they were to be placed; that the defendant had paid part of the purchase price but that the seller had not properly installed the machines and compressors so that they were throwing off and allowing noxious and poisonous gases to escape in the apartments to the annoyance of the occupants and making the apartments uninhabitable, etc.

The plaintiff met that plea by a denial that it agreed to install the machines and compressors.

The effect of the issue thus presented was that the seller or its assigns had no right to recapture the machines until the contract for delivery of them was fulfilled by it and the purchaser had failed to meet its payments. In other words, the delivery of the machines was not complete until they were properly installed in the apartments and the purchaser's obligation to pay did not arise until the machines were properly installed by the seller.

In view of the facts of which the Court will take knowledge it follows that a "Frigidaire" machine which throws off "noxious and poisonous" gas rendering the house or apartment in which it is placed uninhabitable is not a properly installed and complete piece of machinery of the character described in the contract and not suitable for the purpose for which it is sold.

It is true that a plea of the general issue denies the plaintiff's title to the property sought to be recaptured, but it is true only in a qualified sense, not in the sense that the action of replevin is one merely to try title as distinguished from right of possession.

The action as it exists in this State is entirely statutory and even though it may be brought in cases where the

original taking was wrongful it lies to recover possession of chattels that are unlawfully detained and damages for their detention. Evans v. Kloeppel, 72 Fla. 267, 73 So. R. 180; Sec. 5329, Comp. Gen. Laws 1927.

The purpose of the action is to recover possession of the chattels and damages for their detention and the plaintiff must show right of possession in himself. He must show that he was entitled to the possession of the property when the action was brought. See Younglove v. Knox, 44 Fla. 743, 33 So. R. 427; Richbourg v. Rose, 53 Fla. 173, 44 So. R. 69; Malsby v. Gamble, 61 Fla. 310, 54 So. R. 766.

The gist of the action is not the taking of the property but rather the wrongful detention of it and the plaintiff's right to immediate possession. 22 Stand. Ency. of Proc. 887, and authorities cited.

Under the plea of not guilty the defendant can give any evidence of special matter which amounts to a defense to plaintiff's cause of action to show that the plaintiff is not entitled to the possession of the property replevined. See Holliday v. McKinne, 22 Fla. 153.

In that case it was held that evidence of want of property or right of possession was admissible. In Gibson v. Mozier, 9 Mo. 256, cited in that case, evidence was admitted showing that a deed under which the property was claimed was void.

The plaintiff must recover, if at all, upon the strength of his own right of possession. Richbourg v. Rose, *supra.*

A denial of title by pleas is immaterial because the legal title may not be in one who has right to immediate possession of the property replevined, although a want of title may be evidence of a lack of right to immediate possession. Such must be the meaning of the language in Gracy v. Seaboard Air Line Ry., 69 Fla. 301, 68 So. R. 722.

Mr. Justice WHITFIELD and Mr. Justice BUFORD agree with the writer on this point.

Mr. Justice BROWN, Mr. Justice STRUM and Mr. Justice TERRELL agree that the plea was invalid, that the court erred in overruling a demurrer to it but that the error was harmless as no evidence was offered by either plaintiff or defendant under it. It was ignored by both parties to the cause. All agree that if error was committed it was harmless. So the only question left to be decided is whether the court erred in excluding from the evidence the written assignment of the contract by General Motors Company to the plaintiff.

Mr. Justice WHITFIELD and Mr. Justice BUFORD agree that the court made no error because the identity of the coporation's seal was not legally established and no authority was shown to exist in the person who signed the corporation's name to the assignment to execute it in the corporation's name.

Mr. Chief Justice TERRELL, Mr. Justice STRUM, Mr. Justice Brown and the writer agree that the identity of the corporation's seal was sufficiently established and the document was therefore improperly excluded from the evidence.

It follows, therefore, that the judgment in this case should be and is hereby reversed.

All concur in the judgment of reversal.

BROWN, J. (Concurring specially).—The facts set up in the second plea might have been considered as appropriate for a plea of recoupment. However, the pleader saw fit at the end of the plea to allege that, on the facts pleaded, he had been injured and damaged in the sum of $10,000.00 and claimed damages against the plaintiff in said amount which was double the amount of damages for detention

alleged by plaintiff. Thus the plea is in form of a plea of setoff.

As I understand it, strictly speaking, a plea of setoff is a counter demand which a defendant holds against a plaintiff, arising out of a transaction extrinsic of plaintiff's cause of action, the object of which is to meet and off-set in whole or in part plaintiff's demand, or if the amount of the setoff exceeds that demand, obtain judgment for the amount of such excess. It is in the nature of a cross action.

On the other hand, the object of a plea of recoupment is to rebate or recoup in whole or in part the claim sued upon, and must be based upon some right resulting to the defendant arising out of the same transaction which forms the basis of the plaintiff's suit. "It is the right of a defendant, in the same action, to claim damages from plaintiff, either because he has not complied with some cross obligation of the contract upon which he sues, or because he has violated some duty which the law imposed upon him in the making or performing of the contract." 34 Cyc., 623-625.

It has been said that a "counterclaim" is a species of setoff or recoupment introduced by the codes of civil procedure in several states, of a broad and liberal character, and embraces as a general rule both recoupment and setoff, although broader and more comprehensive than either. 34 Cyc., 629. We have no statute providing for pleas of counterclaim in law actions. The defendant must use either the plea of recoupment, or of setoff, according to which plea is appropriate to the facts pleaded.

The general rule appears to be that in an action of replevin, a plea of setoff, in its strict sense, cannot be pleaded. 18 Cyc., of Pldg. & Prac., 547. Cobbey on Replevin, 2nd ed., 791.

In Section 794 of Cobbey on Replevin, it is said:

"Set-off is not allowable in an action of replevin in the ordinary sense in which it is allowable in other forms of action, but damages growing out of the same subject-matter may be considered in reducing the damages claimed or allowable in the replevin action. And courts are inclined to give the action such flexibility as to adjust all equities arising between the parties in such action. There is no set-off in replevin, but if the goods are subject to a charge it can be enforced by way of recoupment."

But it seems that even in replevin a defendant may plead and prove a claim against the plaintiff arising out of the same transaction as an off-set or recoupment against the plaintiff's claim for damages for detention of the property. In Cobbey on Replevin, Section 795, it is said:

"A defendant in a replevin suit may plead a counter-claim as a defense and as an offset to the damages. Where plaintiff claims damages for detention, defendant may plead and prove a counter-claim arising out of the same transaction against such claim for damages. The subject-matter of litigation in replevin is the property mentioned in the complaint, and the defendant cannot claim the release and return of other and distinct personal property, even though he present such a case as would have enabled him to recover in an independent action. In replevin by the seller of goods, after notes given in payment therefor and secured by mortgage thereon have become overdue, defendant may show payment in part and damages from breach of warranty. A breach of warranty may be used as a cause for an original action, a counter-

claim, or as a matter of defense, at the option of the warrrantee. When used as a defense it is by way of recoupment; that is, it cuts back and destroys the plaintiff's right to recover." (Evidently meaning, rights recover damages.)

In the shape in which the so-called plea of counter-claim was drawn, in this case, I 'think it was subject to the demurrer and the court erred in overruling the demurrer. It is true, the defendant offered no evidence under this plea; nor was it necessary for him to do so, as the court instructed a verdict for the defendant at the close of the plaintiff's evidence in chief. Hence I agree that this error turned out to be harmless on this trial of the case.

I agree with that portion of the opinion of Mr. Justice ELLIS holding that the impression of the corporate seal of the written assignment of the contract, under which plaintiff claimed its right of possession was sufficiently established and that the court erred in excluding such written assignment.

Replevin is a possessory action. The title to the property detained is not primarily involved. It often happens that the right of possession is in one person and the title in another. But unless there has been some severance of the right of possession from the legal title, the holder of the title has the right of possession, as the general rule is that right of possession goes with ownership. The plaintiff must of course show right of possession when suit was brought, and it sometimes becomes necessary for a plaintiff in replevin to show title in order to show his right of possession. 34 Cyc. 1388, 1390, 1506. Cobbey on Replevin, Sections 128, 130, 784 et seq.

The plea of the general issue, under our statute, denies the plaintiff's right of possession, as well as the wrongful

taking or detention. I think in this case, the title of the plaintiff was relevant to the issue as to whether it had the right of possession; hence the exclusion of the assignment was harmful error. I, therefore, concur in the reversal of the case.

TERRELL, C. J., AND STRUM, J., concur.

BUFORD, J.—This is a replevin suit by the plaintiff in error against the defendant in error to recover certain personal property to which the plaintiff claimed the title under the provisions of a conditional sales contract.

It is contended that the defendant purchased the property from the dealers, Reed & Gallentine, and that the dealers retained the title to the property under a written contract until the same should be paid for in full. That Reed & Gallentine assigned the contract together with the property therein described to General Motors Acceptance Corporation and that General Motors Acceptance Corporation thereafter assigned the contract and property to the plaintiff.

On the trial the plaintiff offered in evidence what purported to be the assignment of contract and property from General Motors Acceptance Corporation which assignment purported to be executed by J. B. Weldon, assistant treasurer, under the corporate seal of the corporation.

The plea of general issue denied the right of possession of the plaintiff and, therefore, the burden of proof of the right of possession was on the plaintiff. The only way to prove the right of possession in this case was to prove the validity and the legality of the purported assignment from the dealer to the General Motors Acceptance Corporation, and the assignment from General Motors Acceptance Corporation to the plaintiff. There was no proof offered to show the assignment from the General Motors Accept-

ance Corporation was executed by an officer authorized to execute the same. The evidence introduced to prove the seal of corporation was insufficient to establish the purported seal as the seal of the corporation.

The evidence as to whether or not the purported seal was the seal of the corporation was by a witness who was not shown to be qualified to give evidence as to the authenticity of the corporate seal involved. This witness testified that he had seen the seal of the General Motors Acceptance Corporation and that the seal attached to the assignment involved was the seal of that corporation. The witness did not purport to have any knowledge or information as to whether the seal appearing on the assignment had been adopted by proper procedure of the corporation as its corporate seal. Neither did he purport to testify that the seal appearing on the assignment was the seal generally used by the corporation in the transaction of its business. If the seal attached to the purported assignment was the corporate seal of the corporation purporting to make the assignment, it would have been an easy matter for the plaintiff to have proven this fact by taking depositions of persons in position to testify in regard to that matter. In Griffing Bros. Co. v. Winfield, 53 Fla. 589, 43 So. R. 687, this Court say:

"Courts do not take judicial notice of the seals of private corporations, nor do such seals prove themselves, but where it is shown or admitted that the instrument is signed for the corporation by its proper officer the presumption is that it was duly executed, which presumption includes the authenticity of the seal used in its execution."

In the instant case, however, the execution of the purported assignment was not proven to have been made on

behalf of the corporation by an officer duly authorized thereunto. A seal affixed to a corporate instrument, purporting to be the seal of the corporation, must be shown to have been adopted by the corporation, and it must have been affixed as the seal of the corporation.

Such adoption of the seal by the corporation may be accomplished either by a formal action of the proper corporate authority recorded in the minutes of the corporation or by the general use of a particular seal in the business transactions of the corporation and as said heretofore where it is shown or admitted that an instrument was signed by the corporation by its proper officer or by its duly authorized agent, the presumption is that it was duly executed and this presumption, in the absence of evidence to the contrary, includes the authenticity of the seal used in its execution. Griffing Bros. Co. v. Winfield, *supra,* 14 C. J. 337; Jackson v. Pratt, 10 Johns 381.

There was no reversible error in the action of the court in sustaining the objection interposed to the introduction of the purported assignment by the General Motors Acceptance Corporation to the plaintiff.

WHITFIELD, J., concurs.