CHARLES W. MEYER v. FLORIDA DISCOUNT CORP.
(Two Cases.)

150 So. 601.
Division A.
Opinion Filed October 19, 1933.

*Dunbar H. Johnson,* for Plaintiff in Error;

*Winters, Foskett & Wilcox* and *Williamson & Cain,* for Defendant in Error.

DAVIS, C. J.—These two cases have been brought here on writ of error. The first judgment is for $16,000.00 principal, $5,644.00 interest, and $1,650.00 attorney's fees, mak-

ing a total of $25,894.00. The second judgment is for $7,500.00 principal, $2,550.00 interest, and $850.00 attorney's fees, making a total of $10,900.00. Both judgments were rendered in the Circuit Court of Palm Beach County. Both cases were suits at law upon different promissory notes. They are treated here in one opinion for the sake of convenience.

Divested of all considerations of technical forms of pleading, the outstanding proposition relied on by the maker of the notes as a defense was, that the notes sued on had been delivered to the payee, Mortgage Investment Corporation, as part of a payment for certain real estate sold by payee to defendant; the sales price was $61,600.00, of which $15,000.00 was paid in cash; that before the sale of the land, the Mortgage Investment Company had made certain fraudulent representations concerning the benefits that might be expected to be realized by the purchases; that such fraudulent representations were relied on by the defendant who was injured and damaged thereby; that thereafter the notes sued on were transferred or assigned to plaintiff, which had knowledge of the false representations; that the assignment was made after maturity; and that because of the false representations having been made, the consideration of the notes failed, because, without them, the maker of the notes would not have purchased the property, nor made, executed nor delivered the notes representing part payment for the property purchased. The notes sued on were dated March 2, 1925. The present suits were begun in March, 1929.

The facts alleged in the pleadings rejected, which were as above set forth, constituted no ground for rescission of the land sale transaction which, according to the defendant's view, was the real consideration for the execution of the

notes. See Stokes v. Victory Land Co., 99 Fla. 795, 128 Sou. Rep. 408; Lake Mabel Development Corp. v. Bird, 99 Fla. 255, 126 Sou. Rep. 356. Nor did the pleadings show that such rescission had ever been attempted or made because of the facts pleaded. So no error was committed by the Court in rejecting pleas, or holding them bad, when it clearly appears that such pleas were wholly insufficient even as against the original payee, under the rulings of this Court in past cases, to show a valid ground for rescission, whether the notes were assigned before or after maturity by the plaintiff (although the declaration alleges they were assigned before maturity).

The alleged contract relied on in certain other pleas, as having the effect of changing the mode of payment, did not present a good defense on that ground, because our understanding of the pleas, considered in connection with the written contract attached to and made a part of them, is that the pleas do not show that the alleged contract was even carried into effect. On the contrary, the plea refers to the formation and accomplishment of an alleged conspiracy to defeat its being carried into effect. But even so, an action for the *tort* could not be well plead as a set off to the suit on the notes sued on. Delco Light Co. v. Hutchinson Properties, 99 Fla. 410, 128 Sou. Rep. 831; Robinson v. L'Engle, 13 Fla. 482.

The equitable pleas were properly held bad on the authority of Bacon v. Green, 36 Fla. 325, 18 Sou. Rep. 870, where it was held that in order to be good, an equitable plea at law must present some matter of defense which would be good ground for relief in equity against the judgment at law in case one should be rendered in the case.

Finding no error, the judgments in both cases are affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.