W. E. LEE, INC., *v.* THE TRAILER CO. OF AMERICA.

160 So. 678.

Division B.

Opinion Filed April 12, 1935.

*McMullen & Draper,* for Plaintiff in Error;

*Shackleford, Ivy, Farrior & Shannon,* for Defendant in Error.

BUFORD, J.—In a replevin action defendant filed plea of set-off as follows:

"That the trailer referred to in the declaration was purchased by the defendant from the plaintiff on or about January 21, 1933, as shown by a true copy of the original invoice delivered to this defendant, attached hereto, marked defendant's Exhibit 'A,' and by reference made part of these pleas, and that simultaneously with the delivery of the said trailer and invoice, and as a part of the same transaction, the defendant executed to the plaintiff a conditional sale contract, the original of which conditional sale contract is in the possession of the plaintiff, but a substantial copy of the same was given to the defendant, a copy of which is attached hereto, marked defendant's Exhibit 'B' and by reference made a part of these pleas, the same as if the same were set out in *haec verba;* that under and by virtue of the terms of said sale the purchase price was to be paid by a series of notes, four notes payable one each month and for four months in the sum of $58.67, and one note payable on the fifth month for $528.03, which last

note, under the specific terms of the said sale as shown by the invoice attached hereto, was to be (ballooned), that is, that said fifth note was to be broken into monthly payments, beginning December, 1933, the same to be $58.67 for nine months, beginning December, 1933. The defendant shows that on, to-wit: January 15, 1934, one H. G. Durrance, made an assignment to the defendant of a certain indebtedness then due by the plaintiff to the said H. G. Durrance, in the sum of $364.90, and that defendant immediately thereafter and before suit was instituted, gave notice of said assignment to the attorney for the plaintiff, who advised this defendant that he would immediately notify the plaintiff of the same, and accepted the said notice of assignment in behalf of the plaintiff, a true copy of the said assignment is attached hereto, marked defendant's Exhibit 'C,' and by reference made a part of these pleas. The defendant shows that after amount due upon the said assigned account is set off as against the moneys due upon the purchase of said trailer, that while it would not pay the entire balance remaining due upon the said conditional sale contract, yet it would pay the same in advance of January 25, 1934. Therefore, the defendant not being in default under its conditional sale contract aforesaid on January 25, 1934, the plaintiff had no right under the same to exercise its right of election and reclaim the said trailer, and to replevy the same.

"Wherefore the defendant shows that the plaintiff did not have any right of possession to the said trailer on January 25, 1934, and that the right of possession was in the defendant and that the defendant was not wrongfully withholding the same from the plaintiff."

It will be noted that the alleged set-off did not arise out

of the same transaction as that on which plaintiff's cause of action was based.

It, therefore, follows that demurrer to the plea was properly sustained. See Delco Light Co. v. John LeRoy Hutchinson Properties, 99 Fla. 410, 128 Sou. 831.

Defendant declining to plead further, judgment was properly entered and should be affirmed.

So ordered.

Affirmed.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.