SCHEB, Judge.
The Wickhams appeal and Famco Services cross-appeals from the trial court’s judgment wherein Famco was denied re-plevin of a mobile home occupied by the Wickhams, yet was awarded “rent” from the Wickhams for the use of the mobile home. We find the judgment totally inconsistent. We therefore reverse and remand for a new trial.
The Wickhams purchased a mobile home from a dealer under a retail installment contract. The dealer then assigned the contract to Famco. In September 1973 Famco sought to replevy the mobile home, alleging that the Wickhams had failed to make payments as required by the contract. The Wickhams answered with a general denial and affirmative defenses, but did not file a counterclaim.
After several hearings, the trial court entered an order on November 18, 1976 (nunc pro tunc January 26, 1974), denying Famco’s requested relief but granting Fam-co “rent” of $125 per month from the time of the Wickhams’ alleged delinquency (April 2, 1973) until such time as they should vacate the mobile home. The Wick-hams, in turn, were granted a setoff of $1,250, representing their initial down payment under the contract. Thereafter, on February 23, 1977, the trial judge entered a final judgment in favor of Famco for $4,625, representing the “rent” due for the period of the Wickhams’ occupancy less their setoff.
Replevin actions in this state are governed by Chapter 78, Florida Statutes. The issue to be determined in a replevin action is whether the plaintiff has the right to possession of personal property which is being wrongfully withheld by the defendant. Section 78.055, Florida Statutes (1973). If the plaintiff prevails on this issue, damages incident to the wrongful withholding of possession may then be assessed. Section 78.01, Florida Statutes (1973).
Even though the trial judge denominated the award in favor of Famco as “rent” we must interpret it as damages for wrongful detention, since no landlord and tenant relationship could be implied from the context of this vendor-vendee contract. Here the court by its order explicitly found Famco had no right to possession; yet in finding Famco entitled to “rent” implicitly *1161 held Famco had been wrongfully deprived of possession.
In effect, the trial judge attempted to accomplish a rescission of the contract; the Wickhams would be reimbursed for their down payment, but charged a reasonable sum for use and occupancy of the mobile home until they vacated it. This was clearly improper as neither of the parties sought rescission in the pleadings. On oral argument counsel for both parties recognized there was no basis for the judgment against the Wickhams; however, the Wick-hams forcefully argued that since Famco’s request for a writ of replevin was within the scope of the pleadings it was properly denied, and therefore this denial must be upheld. In this instance, we cannot agree.
Though courts will endeavor to uphold a judgment if possible, this cannot be done when a trial court’s conclusions of law are antagonistic. 89 C.J.S. Trial § 636 (1955).
Appellate courts in other jurisdictions when faced with a trial court’s judgment containing inconsistent conclusions of law have found it necessary to invalidate the judgment. See, e. g., Hawkins v. Teeples & Thatcher, Inc., 267 Or. 151, 515 P.2d 927 (1973), where the trial court found that both the plaintiff and defendant could recover for breach of the same contract; and Wenzel v. Wenzel, 283 S.W.2d 882 (Mo.App.1955), where the trial court found there had been no valid marriage, then proceeded to grant dissolution.
We cannot resolve the obvious inconsistency, i. e., the Wickhams would have the right to retain possession of the mobile home yet also be liable for damages for their wrongful possession of it. Accordingly, we vacate the order and judgment and remand this cause for a trial on the merits. The trial court shall grant leave to the parties to make any appropriate amendments to their pleadings.
BOARDMAN, C. J., and McNULTY, J., concur.