HENDEY, Judge.
This consolidated appeal stems from the dismissal of appellant’s complaints in replevin which sought the return of marijuana plants which had been legally seized from appellant’s premises. Upon consideration of all arguments advanced, we have determined that the trial court was correct in its dismissal of the complaints on the basis that the subject matter of the replevy actions is contraband under Chapter 893, Florida Statutes (1976), and, as such, appel *926 lant cannot justifiably claim that the property is being wrongfully detained by the appellees/defendants (as is necessarily required under Section 78.055, Florida Statutes (1976) in order to obtain an order authorizing recovery of the property).
Since replevin is a possessory statutory action at law in which the main issue is the right to immediate possession and the gist of the action is the wrongful detention of the property, we affirm the order of the trial court because appellant has totally failed to demonstrate a possessory right and/or wrongful detention. See Delco Light Co. v. John Le Roy Hutchinson Properties, 99 Fla. 410, 128 So. 831 (1930); Wickham v. Famco Services, Inc., 350 So.2d 1159 (Fla.2d DCA 1977); Fischer v. Bernard’s Surf, 217 So.2d 576 (Fla.4th DCA 1969).
It is our conclusion, therefore, that there has been no error demonstrated and the trial court properly dismissed the complaints for failure to state a cause of action; the contraband is lawfully in the possession of the police authorities and held by them as evidence in a criminal prosecution, and clearly not subject to replevin at the suit of appellant.