WALLACE, Judge.
The Department of Children and Family Services (DCF) appeals a final order denying DCF’s petition for termination of the parental rights of D.R. to her daughter, M.R. Because the trial court’s findings of fact are inconsistent with its conclusions of law, we vacate the order and remand for the entry of a new order.
After receiving allegations of negligence and physical abuse, DCF sheltered M.R. in 2001. In 2002, the trial court adjudicated M.R. dependent, and D.R. was given a case plan with the goal of reunification. D.R.’s case plan required her to cooperate with DCF, provide executed releases, exhibit financial ability, provide safe and stable housing, and demonstrate appropriate parenting skills. In 2004, DCF petitioned the trial court to terminate D.R.’s parental rights pursuant to section 39.806(l)(e), Florida Statutes (2004), based on D.R.’s alleged noncompliance with her case plan for a period of time lasting at least twelve months. In its order denying DCF’s petition, the trial court found:
Laura Adams, case manager for [DCF], testified that [D.R.] has not benefited from her parenting classes and in general was non-compliant with the tasks of her case plan. Ms. Adams has supervised visits between [D.R.] and child [and] testified that [D.R.] does not exhibit appropriate parenting skills. In addition, [D.R.] has not provided proof of employment/income and has failed to maintain regular contact with [DCF],
However, the trial court ruled:
The petition for termination of parental rights of [D.R.] is denied without prejudice. The Court is aware of the developmental disabilities of [D.R.] and notwithstanding these disabilities recognizes her completion of the assigned tasks included in her ease plan. The Court feels that [D.R.] is deserving of an opportunity to parent the child with whatever assistance is necessary and practicable.
Section 39.809(5) requires the trial court to enter a written order containing findings of fact and conclusions of law. Although the trial court included factual findings in its order, the factual findings are inconsistent with the trial court’s conclusions of law. Because the conclusions in the trial court’s order conflict with the factual findings, we are unable to review the issues on appeal. See Trader Jack’s of Bradenton Beach, Inc. v. Int’l Dining Club, Ltd., 467 So.2d 1116 (Fla. 2d DCA 1985) (reversing judgment containing findings of fact that were inconsistent with the conclusions of law); cf. J. Sourini Painting, Inc. v. Johnson Paints, Inc., 809 So.2d 95 (Fla. 2d DCA 2002) (determining that the issues on appeal could not be reviewed because the judgment contained inconsistent findings and arrived at conflicting conclusions); Wickham v. Famco Servs., Inc., 350 So.2d 1159 (Fla. 2d DCA 1977) (vacating order and judgment in which the trial court reached inconsistent conclusions). Accordingly, we vacate the order *357 denying DCF’s petition for termination, and we remand this case to the trial court for the entry of a new order that includes factual findings that are consistent with the conclusions of law.
Order vacated; remanded.
FULMER, C.J., and STRINGER, J., Concur.