Douglass v. Gardner.

---

GEORGE W. DOUGLASS vs. ALONZO P. GARDNER.

*Party—in R. S., c. 80, § 42, means of record. Pleading. Replevin.*

A replevin writ may be served by a deputy sheriff upon one in whose hands another deputy of the same sheriff has placed the goods replevied, for the purpose of safe keeping, after having attached them as the goods of a person other than the plaintiff in replevin.

The word "party," as used in R. S., c. 80, § 42—requiring writs in suits to which a sheriff or his deputy is a party to be served by a coroner—means a party of record.

The objection that a replevin bond is not for double the value of the property replevied must be pleaded in abatement, or it cannot defeat the action; even though the defendant first learned the fact from evidence elicited at the trial.

It is no defence to a replevin suit that the defendant did not take the property from the owner, or his agent, but merely took charge of it for an attaching officer; since an unlawful detention, as well as an illegal caption, will support the action.

Where the plaintiff does not claim the property by virtue of any mortgage, pledge or lien, but by absolute bill of sale, and the goods are not replevied from the attaching officer, but from his keeper, the notice of the plaintiff's claim mentioned in R. S., c. 81, § 42, is not necessary before bringing replevin.

ON EXCEPTIONS AND MOTION FOR A NEW TRIAL.

REPLEVIN of a sled, harness and rope, which had been attached by William H. Libby, a deputy of the sheriff of this county, upon a writ in favor of Alonzo P. Gardner against Donham Campbell, and placed by the officer in Mr. Gardner's hands for safe keeping. They were taken from his possession, upon this writ of replevin, by George Wheeler, another deputy of the same sheriff, on the

Douglass *v.* Gardner.

seventeenth day of September, 1871. The defendant plead in abatement that he was merely holding the property as agent of the officer, who was the party interested, and therefore that the writ should have been served by a coroner, and not by a deputy-sheriff. This plea was overruled and he excepted.

By the act approved Feb. 17, 1872, c. 13, a precept in which a deputy-sheriff is a party may now be served by a deputy of the same sheriff; but this statute did not affect the determination of the present case.

A demand upon the defendant for this property was made by the plaintiff before suing out his writ, and there was a refusal to surrender it. The defendant claimed, however, that the action could not be maintained against him, because he did not take these articles from Mr. Douglass, nor from Campbell, but was only a custodian of them for Mr. Libby, acting in his official capacity; also because there was no notice of his claim and its amount under R. S., c. 81, § 42, given by Douglass to Mr. Libby before bring- ing this suit, the defendant contending that, although the title to the harness was by an absolute bill of sale of it, and of property which the plaintiff said was exchanged for the sled, these articles were held as collateral security for a loan by Douglass to Camp- bell; but the court did not sustain this objection. The defendant alleged that the transaction between Douglass and Campbell was fraudulent, and that the taking of a bill of sale absolute in form to secure a loan, the property remaining in the possession of the debtor, was fraud in law; the question of fraud was left to the jury with the remark that the form of the writing and the reten- tion of possession might be considered by them, as evidence upon that point. There was testimony introduced by the plaintiff that the property was worth more than the value placed upon it in the replevin writ and bond; whereupon the defendant contended that the action must be dismissed for that reason, the fact not being known to him till developed at the trial; but the judge declined to dismiss it. The defendant asked to have the jury told that the action should have been brought against Mr. Libby, instead of

Mr. Gardner, but the justice ruled otherwise. To all these rulings, and refusals to rule, the defendant excepted.

*S. Lancaster*, for the defendant.

*L. Clay*, for the plaintiff.

VIRGIN, J. By R. S., c. 80, § 42, "every coroner shall serve and execute, within his county, all writs and precepts in which the sheriff thereof or his deputy is a party." "Party" as here used, means the person whose name is expressly mentioned in the record as plaintiff or defendant. It does not include any person simply interested in the suit but not named, and somtimes denominated "party in interest," as in R. S., c. 89, § 1. The latter clause of § 42 contains the phrase "is a party or interested," thus showing the statute recognition of the distinction between a "party" and a person "interested." This statute early received this construction. *Walker* v. *Hill*, 21 Maine, 481. And a similar statute in Massachusetts, so long as it retained the same language, received the same construction. *Merchants' Bank* v. *Cook*, 4 Pick., 405. The question raised by the plea in abatement was, therefore, decided correctly by the presiding judge. *Perry* v. *Kennebunkport*, 55 Maine, 453.

The fact that the replevin bond was not "in double the value of the goods replevied," as required by R. S., c. 96, § 10, was matter in abatement; and the defendant could have availed himself of it by plea filed within the time prescribed by the rule, but not after a trial on the merits, although he was ignorant of the fact until it came out in the evidence.

It is objected that this defendant being the keeper appointed by the attaching officer, did not "take" the property; and being the servant of the officer, the action should have been brought against the latter, and that it cannot be maintained against the former. But "it is not always necessary to prove a taking of the goods since the action may be maintained against a bailee, by proof of an unlawful detention." 2 Greenl. on Ev., § 561; R. S.,

c. 96, § 8; *Ramsdell* v. *Buswell*, 54 Maine, 546. The property was in the actual custody of the defendant. If it really belonged to the plaintiff, and he was actually entitled to its possession, we perceive no legal reason against the plaintiff's making him the party defendant. *Eveleth* v. *Blossom*, 54 Maine, 447; *Richardson* v. *Read*, 4 Gray, 441.

Again, the bill of sale was absolute in its terms. The property was not claimed by the plaintiff "by virtue of any mortgage, pledge or lien;" and neither was the "action against the attaching officer," and hence the notice provided in R. S., c. 81, § 42, was not necessary.

The requests to pass upon the evidence were properly declined.

No motion to set aside the verdict as being against the evidence in the case has come into the possession of the court; but judging from the defendant's brief, we are led to believe that such a motion was in fact filed. But upon a careful examination of the whole case, we see no reason for disturbing the verdict. The charge of the presiding judge was full and correct in its law. If the testimony introduced by the plaintiff is true, the verdict is well found. *Motion and exceptions overruled.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and DANFORTH, JJ., concurred.