L. C. GRACY, *Plaintiff in Error,* v. SEABOARD AIR LINE RAILWAY, *Defendant in Error.*

Opinion Filed March 17, 1915.

1. Under the statute the plea of not guilty in an action of replevin puts in issue the plaintiff's right to the property in controversy, and a plea denying the right or title of the plaintiff is unnecessary.

2. The plaintiff, in an action of replevin, must show right of

possession in himself to the property replevied. He can only recover upon the strength of his own right of possession.

3. Where testimony is admitted without objection in a judicial proceeding it is treated as received by consent. When so admitted the testimony, if not illegal, should be given all the probative force that its ordinary meaning and effect will afford. Testimony not essentially illegal that is received without objection and is not in any way controverted should be given all the probative force and effect that the meaning of the testimony naturally and ordinarily affords to the mind without technical requirements or limitations.

4. Where a referee bases his findings on the evidence upon an erroneous rule of law, and the finding is not clearly right notwithstanding the error in applying the law, the judgment may be reversed.

Writ of Error to Circuit Court for Alachua County; Jas. T. Wills, Judge.

Judgment reversed.

*Williams & Hardee,* for Plaintiff in Error;

*Hampton & Hampton,* for Defendant in Error.

WHITFIELD, J.—The railway company instituted an action of replevin against Gracy to recover a lot of railroad crossties. The defendant pleaded not guilty, and also that the crossties are not the property of the railway company. Trial was had before a referee, and a writ of error was taken to a judgment for the plaintiff. Errors are assigned on the denial of a new trial and on the final judgment rendered. In his findings the referee states that the pleas set up affirmative matter and the burden was on the defendant to prove his title to the property;

and it is further stated in the findings that the sheriff's deed conveying the land to the defendant, admitted in evidence without objection, "was unaccompanied by an execution or a judgment" and that "under the decisions of the Supreme Court of Florida," the referee holds "that the defendant has failed to prove title in himself" to the land from which he testified the crossties were taken; "that is to say that the testimony offered is insufficient; I therefore find that the plaintiff is entitled to the possession of the property described." It is contended that in giving the effect the referee did to the pleadings and in effect holding that an execution and judgment were essential to give probative force to the sheriff's deed, the referee erred in his finding for the plaintiff on the evidence adduced.

Under the statute the plea of not guilty puts in issue the plaintiff's right to the property in controversy, and a plea denying the right or title of the plaintiff is unnecessary. See Holliday v. McKinne, 22 Fla. 153.

The plaintiff, in an action of replevin, must show right of possession in himself to the property replevied. He can only recover upon the strength of his own right of possession. Richbourg v. Rose, 53 Fla. 173, 44 South. Rep. 69.

Where testimony is admitted without objection in a judicial proceeding it is treated as received by consent. When so admitted the testimony, if not illegal, should be given all the probative force that its ordinary meaning and effect will afford. Testimony not essentially illegal that is received without objection and is not in any way controverted should be given all the probative force and effect that the meaning of the testimony naturally and

ordinarily affords to the mind without technical require-
ments or limitations. Montgomery v. State, 55 Fla. 97,
45 South. Rep. 879.

It is apparent that the assumption of the referee that
the pleas put the burden of proof upon the defendant,
and the further assumption that the sheriff's deed, which
was admitted in evidence without objection, was insuffi-
cient as evidence of title, caused the referre to consider
the testimony from a view point that may reasonably have
been harmful to the defendant.

It cannot be said that the evidence would be legally
insufficient to support a finding should there be one of
title in the defendant, if the evidence is viewed in the
light of the principles of law applicable to the pleadings
and the evidence adduced in the case. This being so the
plaintiff in error is entitled to have the case tried under
proper legal principles.

Judgment reversed.

TAYLOR, C. J., AND SHACKLEFORD, COCKRELL AND ELLIS,
JJ., concur.