FLORIDA POWER & LIGHT COMPANY, a corporation, *Petitioner,* v. EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Limited, of London, England, *Respondent.*

146 So. 850.

Opinion filed March 4, 1933.

Re-hearing denied April 3, 1933.

*Shutts & Bowen* and *Joseph F. McPherson* and *E. S. Quick,* all of Miami, Florida, attorneys for Petitioner.

*Blackwell & Gray* of Miami, Florida, Attorneys for Respondent.

BARKER, Circuit Judge—Florida Power & Light Company, a Florida Corporation, herein referred to as plaintiff, brought its action in the Civil Court of Record in and for Dade County, Florida, to recover from the Employers' Liability Assurance Corporation, Limited, of London, England, herein referred to as defendant, $2,500.00 with interest and certain costs for breach of a certain contract of insurance.

The amended declaration is in two special counts. The plaintiff also filed common counts but at the trial relied on the two amended special counts. The defendant demurred to these amended special counts which demurrer was overruled. The defendant filed four pleas to these amended special counts, the fourth one of which was a plea of accord and satisfaction. With the issues thus made there was a trial before a jury which rendered a verdict for the plaintiff. Upon this verdict judgment was regularly entered for plaintiff with interest and costs.

Defendant sued out writ of error to the Circuit Court of the 11th Judicial Circuit of Florida in and for Dade County and the said judgment was reversed with a further direction that the judgment be entered by the Civil Court of Record for the defendant.

The plaintiff in error assigned a great number of errors in the Circuit Court, but, as we view it, the Circuit Court reversed the judgment for two reasons as follows:—First, special counts one and two of the amended declaration were not sufficient to state a cause of action, and, Second, the defendant had proven its plea of accord and satisfaction and the *nisi prius* court should have directed a verdict for the defendant.

This court, upon petition of the plaintiff, granted a *certiorari* to the Circuit Court of the 11th Judicial Circuit of the State of Florida in and for Dade County to review that judgment.

During the year 1926 Stanley Wyatt, an employee of the plaintiff, was injured while performing some of his duties. At the time of his injury the plaintiff was insured by the defendant and the said policy of insurance provided in substance, among other things, that the defendant would indemnify the plaintiff (1) against claims resulting from the liability imposed upon plaintiff by law for damages on account of injuries to its employees, (2) to pay and satisfy judgment rendered against plaintiff in legal proceedings defended by the defendant, and to protect assured against levy on execution issued upon same, and (3) to pay certain expenses for investigation, initiation and defense of certain claims. There were certain restrictions to these provisions among which are—That the plaintiff could not voluntarily settle any claim or incur any expense except at the plaintiff's own cost, or enter into any negotiations for settlement or legal procedure without the consent of the defendant previously given in writing, and second, subject to limitation of liability to the amount of $5,000.00.

It appears that after Stanley Wyatt was injured plaintiff and defendant acting together settled with the said employee for his injuries by the plaintiff, paying to the said employee

$7,500.00, and the defendant reimbursing plaintiff in the sum of $2,500.00 and the defendant paying the hospital bill of said employee of about $3,500.00.

There was no judgment obtained or execution issued by the said Wyatt against the said plaintiff and nothing was done or had save and except the transaction above alleged.

The first special count of the amended declaration is predicated on the theory that if the employee is injured while the said policy of insurance is in full force and effect, then under all conditions the defendant would be liable for the said full sum of $5,000.00. This is apparent from the allegations of the first count of said amended declaration:—

"On or about the 30th day of March, 1926, one Stanley Wyatt, then and there an employee of the plaintiff, according to the terms of the said contract of insurance, was seriously injured as a result of an accident, whereby the defendant became obligated to pay under the terms of the said contract of insurance to the plaintiff in settlement of the loss and injuries sustained by the said employee a maximum sum of $5,000.00."

and further that

"The plaintiff and defendant acting together made a settlement with said employee, Stanley Wyatt, for the sum of $7,500.00 * * * and as part of the said settlement with said employee, the plaintiff did pay to the said Stanley Wyatt, the said employee, on or about the 13th day of November, 1926, the sum of $7,500.00 * * *. Whereupon it became the duty of said defendant, under the terms of the said contract of insurance to pay to the plaintiff the sum of $5,000.00 of said $7,500.00 so paid to the said employee by the plaintiff, but said defendant has paid to the plaintiff of the said sum of $5,000.00 only the sum of $2,500.00, the said payment of $2,500.00 was made on or about the 10th day of December, 1926."

The second special count of amended declaration is similar to the first count.

There is a total failure to allege in this declaration that a judgment had been recovered against the plaintiff or any other allegation to show any breach of the said contract of insurance.

The plaintiff does allege in its declaration that the plaintiff and defendant "acting together" made a settlement with the said Stanley Wyatt and therefore was entitled to a balance of $2,500.00. Plaintiff claims that this allegation of "acting together" affords a cause of action within the terms of the policy providing for payment of a liability imposed upon plaintiff by law, but we fail to see that "acting together" states any such cause of action against the defendant. We think there is a fatal variance betwen the allegations of the declaration and the insurance policy sued on, and the demurrer should have been sustained. See State v. Seaboard Air Line Railway, 47 So. 986, where this Court, speaking through Judge SHACKLEFORD, says,—

"Where allegations of a declaration containing only one count are repugnant to and inconsistent with each other, such allegations neutralize each other, and the declaration will be held bad on demurrer. A like result must necessarily follow if the allegations or statements contained in the cause of action, which is made a part of the declaration by apt words, are repugnant to and inconsistent with the allegations of the declaration."

As to the plea of accord and satisfaction, the evidence shows to our mind that this plea was fully sustained by the defendant. The evidence shows that the plaintiff paid to Stanley Wyatt $7,500.00, and the defendant paid to the plaintiff $2,500.00, and this payment was made by check, the said check with its endorsement thereon reads as follows:

"$2,500.00          The Employer's Liability Assurance
                         Corporation, Limited
                                    December 10th, 1926

On Demand Pay to the Order of Florida Power and Light
                      Company

Twenty-five Hundred and No/100_____Dollars
in claim of Stanley Wyatt v. Florida Power & Light Company, EC-7573—Agreed contribution for making settlement
with Stanley Wyatt for injury sustained March 30, 1926.

--------------------------------------------------------------------------------------------

"Value received and charge the same to account of
"To the Employers' Liability Assurance Corporation, Ltd.
W. E. Vaughn,
605 Grant Bldg.,
Atlanta, Ga.

                                    J. C. Bowie."

"For deposit to the credit of Florida Power & Light Company by L. B. Hicks, General Office Cashier."

In acknowledging receipt of this check the plaintiff's agent, in charge of the transaction for plaintiff, wrote defendant as follows: "I thank you for the draft in the amount of $2,500.00 in payment of your share of the Stanley Wyatt claim."

The plaintiff accepted this check in full satisfaction of the claim. If the plaintiff had thought it was entitled to more money than $2,500.00 it certainly would have protested at the time that amount was tendered to it. This evidence with other evidence of "acting together" of the parties shows accord and satisfaction, and the request of the defendant for a directed verdict in its behalf should have been granted. Brown, Keath & Co. v. Howard, 101 So. 93, 92 Fla. 295; Meyers v. Acme Homestead Assn., 138 So. 443, 18 La. App. 697.

"Sum tendered by debtor on condition it is accepted in full settlement of claim, constitutes "accord and satisfaction," whether claim is liquidated or unliquidated—May Bros. v. Doggett, 124 So. 476, 155 Miss. 849."

"Where debtor gave creditor's agent check in settlement of disputed claim and creditor cashed check, there was accord and satisfaction.—Phillips' v. St. Paul Fire & Marine Ins. Co., 125 So. 705, 156 Miss. 41."

"Brakeman's acceptance of checks, bearing notation 'in full for services rendered' constituted accord and satisfaction, precluding recovery of difference between such checks and rate of compensation under working agreement.—Yazoo & M. V. R. Co. v. Sideboard, 133 So. 669, 161 Miss. 4."

It is our opinion that the judgment of the Circuit Court setting aside the judgment and verdict of the Civil Court of Record should have directed the trial court to sustain defendant's demurrer to the first and second special counts of plaintiff's amended declaration, and that that part of the Circuit Court's judgment directing the trial court to enter judgment for defendant is not according to law.

We are of the opinion that the judgment of the Circuit Court should be quashed and that the Circuit Court enter such new judgment as may be according to law and justice and not in conflict with what we have decided. Ulsch v. Mountain City Mill Company, 140 So. 218; State ex rel Ulsch v. Gibbs, Judge, 143 So. 772.

The judgment of the Circuit Court is quashed.

DAVIS, C. J., and WHITFIELD, and BUFORD, J. J., concur.