EDWARD L. BRINGLEY v. C. I. T. CORPORATION.

160 So. 680.

En Banc.

Opinion Filed March 28, 1935.

Rehearing Denied April 16, 1935.

530

*Will O. Murrell,* for Petitioner;
*Truett & Shea,* for Respondent.

ELLIS, P. J.—A writ of certiorari was issued in September, 1933, by this Court directed to Honorable George Couper Gibbs, Judge of the Circuit Court for Duval County, Honorable Elliot W. Butts, as Clerk of that court, and C. I. T. Corporation, a corporation. The writ commanded the Circuit Court to send to the Justices of this Court the record and proceedings in a cause lately pending in the Cir-

cuit Court wherein Edward L. Bringley was petitioner and C. I. T. Corporation, a corporation, was respondent.

By stipulation entered into between attorneys for petitioner and respondent, C. I. T. Corporation, the transcript of the record submitted to this Court on the application for the writ shall be used in lieu of the making up of another transcript.

The case was an action of replevin brought in the Civil Court of Record for Duval County by C. I. T. Corporation against Mrs. George W. Milam, a widow with several aliases, and W. J. Hildebrandt, an individual doing business under the trade name of Flagler Hotel Garage, to recover possession of an automobile described as a Studebaker Sedan, Model of 1931. The serial and motor numbers were set forth in the affidavit.

The action was begun by filing an affidavit in the Civil Court of Record in February, 1932. A bond was given by the plaintiff and as no forthcoming bond was furnished the property was delivered to the Corporation.

The defendants appeared, and plaintiff filed a declaration in March, 1932. A plea of not guilty was interposed by defendants.

On October 22, 1932, the defendants moved the court to substitute Edward L. Bringley as defendant in the place of Mrs. Milam and Hildebrandt on the ground that Bringley was the real party in interest and that Mrs. Milam and Hildebrandt were mere bailees of the property and claimed no title or right of possession to it except through Bringley. That motion was granted with the modification that Bringley was joined as a party defendant with Mrs. Milam and Hildebrandt. The order also provided that the bond which had been given should also secure and indemnify Bringley

as if it had originally been made to him. Bringley then interposed a plea of not guilty.

The case came on for trial two days later. The verdict was for Bringley, that he was entitled to the possession of the automobile at the time of the institution of the action and that his interest in the vehicle was of the value of $750.00. Judgment·was entered on the verdict.

The plaintiff entered a motion entitled a motion in arrest of judgment, but which is a combination of motion for a new trial and in arrest of judgment. The purpose of the motion was probably to attack the verdict as being one in favor of a person not named as a defendant in the plaintiff's declaration, a stranger to the action notwithstanding the court's order making him a party defendant.

A motion for a new trial was also made. · The motion in arrest of judgment was denied. The ruling on the motion for a new trial was that a *remittitur* should be entered reducing the defendant Bringley's interest in the property to $740.00 within ten days and if not a new trial would be awarded. The *remittitur* was immediately entered.

The Corporation took an appeal to the Circuit Court. The record was made up with a bill of exceptions. There were thirty-seven assignments of error.

The Circuit Court reversed the judgment of the Civil Court of Record, holding that it was error to join Bringley as a defendant over the objection of the plaintiff. That point was covered by the first assignment of error and assignments numbered from twenty-three to thirty-five, inclusive, and number thirty-seven related to the same point.

The writ of certiorari issued from this Court upon the petition of Bringley.

Two questions are presented. First, will a writ of certiorari issue to a Circuit Court to review the record in a

case where the Circuit Court sitting as an appellate court on appeal from the Civil Court of Record reversed the judgment of the latter court? Second, if that question is answered in the affirmative, may a stranger to an action of replevin upon his own petition or that of the defendants be made a party defendant over the plaintiff's objection?

On the appeal to the Circuit Court that court ordered that the trial court vacate its order denying the motion in arrest of judgment; vacate and set aside the verdict of the jury which merely found that Bringley was entitled to the possession of the property and the value of his interest in the property and damages and mentioned no other defendant in the case; set aside the judgment rendered upon the verdict; set aside the order making Bringley a party defendant to the cause, and deny the motion to substitute Bringley as a party defendant and strike the plea interposed by Bringley. The court also ruled that certain answers to questions propounded to Bringley as a witness relating to the value of the property should have been stricken upon motion of the plaintiff.

So the effect of the court's decision was to reverse the decision of the trial court and remand the cause for a new trial or to make such orders and enter such judgment as would be consistent with the decision of the appellate court.

In the case of Ulsch v. Mountain City Mill Co., 103 Fla. 932, 138 South. Rep. 483, this Court, in an opinion by Mr. Justice DAVIS, held that where the Circuit Court as an appellate court reverses the judgment of the trial court, which in that case was the Civil Court of Record for Duval County, and remands the case with directions to the trial court to enter a judgment for the opposite party and not for further proceedings in the lower court, such an adjudication by the Circuit Court is a final one for the disposition

of the cause leaving nothing to be done by the trial court except to render the particular judgment directed, and that in such case *certiorari* would lie to such an adjudication of the Circuit Court made in the exercise of its appellate jurisdiction over inferior courts.

The rule was reiterated in that case that this Court cannot quash an appellate judgment of the Circuit Court unless it appears from the record that the Circuit Court in the exercise of its appellate jurisdiction has exceeded its jurisdiction, or did not proceed according to the essential requirements of the law, or violated established principles of law, or that the judgment of the Circuit Court reversing the inferior court of record is a palpable miscarriage of justice, or that the result is a substantial injury to the legal rights of the petitioner, or that the judgment sought to be reviewed is illegal or essentially irregular and violative of established principles of law which have resulted in prejudice and material harm to the petitioner.

Numerous decisions of this Court were cited as authority for the rule announced.

In the case of Waddell v. McAllister, 97 Fla. 1054, 122 South. Rep. 578, this Court through Mr. Justice WHITFIELD said: "Ordinarily the writ of certiorari may not be used to quash a judgment of an inferior court unless such judgment is a final adjudication of the cause."

On certiorari this Court has no authority to do more than either quash the writ of certiorari or quash the judgment brought here by that writ. See Benton v. State, 74 Fla. 30, 76 South. Rep. 341; Am. Ry. Express Co. v. Weatherford, 86 Fla. 626, 98 South. Rep. 820; Ulsch v. Mountain City Mill Co., 103 Fla. 932, 140 South. Rep. 218.

Where a Circuit Court as an appellate court reverses a judgment of the trial court first because the declaration

did not state a cause of action and secondly that the defendant had proven its plea of accord and satisfaction and the appellate court in its judgment directed the *nisi prius* court to direct a verdict for the defendant, the judgment of the appellate court will be quashed as the latter part of the judgment is not in accordance with law and the Circuit Court will be directed to enter such new judgment as may be in accordance with law and justice. See Fla. Power and Light Co. v. Employers Liability Assurance Corp., 109 Fla. 81, 146 South. Rep. 850.

A judgment of the Circuit Court reversing a judgment of the trial court and remanding the cause for further proceedings is not a final judgment of the cause and certiorari will not lie to such judgment. Kroier v. Kroier, 95 Fla. 865, 116 South. Rep. 753; First Nat. Bank v. Gibbs, 78 Fla. 118, 82 South. Rep. 618; Holmberg v. Toomer, 78 Fla. 116, 82 South. Rep. 620.

The exception to that rule was set out in the case of Ulsch v. Mountain City Mill Co., first cited, *supra,* and stated to be that where the judgment reversing the inferior court is a palpable miscarriage of justice, or the result is a substantial injury to the legal rights of the petitioner then in such case certiorari will lie.

While it is undoubtedly true that so far as the petitioner is concerned the judgment of the Circuit Court is final as to him in the action of replevin brought by the Corporation, yet it cannot be said that the result is a substantial injury to his legal rights or that the judgment was a palpable miscarriage of justice because Bringley was not a party to the cause as brought by the Corporation and the order making him a party defendant over the plaintiff's objection conferred no legal right upon him if the order was erroneous.

The primary object of replevin is the recovery of the

property in specie. The character of the action is explained in a case decided by this Court many years ago. See Evans v. Kloeppel, 72 Fla. 267, 73 South. Rep. 180; 22 Stand. Ency. of Proc. 884.

The body and substance of the remedy lies in the common law. It lies now, as said in the Kloeppel case, *supra,* where property, the possession of which was rightfully gained, is being wrongfully detained. It is strictly a possessory action, its primary object being to obtain possession of specific personal property and secondarily to recover the value thereof in case possession cannot be had; for a purpose other than this it may not be used. The question always presented in such cases is the plaintiff's right to immediate possession. So the plaintiff must have a right to the present possession of the property at the time the action is commenced. A temporary right to possession may prevail against an absolute legal title to the property where that title and the right of immediate possession have become separated. See 22 Stand. Ency. of Proc. 886; Entsminger v. Jackson, 73 Ind. 144.

Ordinarily where the action has been commenced and provisional delivery of the property obtained the plaintiff may not by supplemental summons bring in a new defendant, but statutes in a number of States provide for the substitution of parties in replevin. There is, however, no such statute in this State, nor indeed is there any occasion for such a statute, as the person alleged to be wrongfully detaining the property may avail himself of the benefit of the right to the immediate possession, where it exists in a stranger to the action from whom the defendant in actual possession obtained the property. If the person in possession claims the right to such possession adversely to the asserted claim of a third person it in no wise affects the

issue as between the defendant and the plaintiff who must establish his right to the immediate possession of the property. So it is generally held that third persons who claim an interest in the property, but have no possession, are neither necessary nor proper parties defendant. See Van Gorder v. Smith, 99 Ind. 404; Seattle Nat. Bank v. Meerwaldt, 8 Wash. 630, 36 Pac. Rep. 763; Douglass v. Gardner, 63 Me. 462; Read v. Brayton, 143 N. Y. 342, 38 N. E. Rep. 261.

In the case of Delco Light Co. v. John LeRoy Hutchinson Properties, 99 Fla. 410, 128 South. Rep. 831, which was an action of replevin to recover certain refrigerator machines sold under a conditional sales contract, this Court, said, speaking through the writer of this opinion, that while it is true that the plea of the general issue in replevin denies the plaintiff's title to the property sought to be recaptured it is so only in a qualified sense, not in the sense that the action is one to try title as distinguished from right of possession; that in this State the action is entirely statutory, the purpose being to recover possession of the chattels and damages for detention and the plaintiff must show right of possession in himself. He must show right of possession in himself when the action was brought and under the plea of not guilty the defendant can give any evidence of special matter which amounts to a defense to plaintiff's cause of action to show that the plaintiff is not entitled to the possession of the property replevined. The plaintiff must recover, if at all, upon the strength of his own right of possession. See Richbourg v. Rose, 53 Fla. 173, 44 South. Rep. 69; Holliday v. McKinnie, 22 Fla. 153; Burnett v. Soule, 78 Fla. 507, 83 South. Rep. 461; 54 C. J. 418.

The defendants in this case petitioned the court for the substitution of Bringley as a defendant in lieu of the de-.

fendants on the ground that Bringley was the owner of the property and the real party in interest and that the defendants were merely bailees under him. There was no attempt at intervention on the part of Bringley. Although his attorney joined in the motion for the substitution of Bringley as defendant in lieu of the persons made defendants by the plaintiff it was not an intervention by Bringley, although it seemingly was treated as such.

The statute of this State providing that any civil action at law may be maintained in the name of the real party in interest, Sec. 4201 C. G. L. 1927, is permissive only. See Jennings v. Pope, 101 Fla. 1476, 136 South. Rep. 471. It has no application in this case, however, because whether Bringley was the owner of the property sought to be recaptured or not was not the question presented by the action brought as it related only to the plaintiff's right to the possession of it when the action was brought. By the substitution of Bringley as defendant the issue was sought to be shifted from the question *vel non* of plaintiff's right to immediate possession when the action was brought to a question of ownership of the chattel which was incidental only. Even on that issue if the title to the property was retained by the seller until conditions of the sale were performed, Bringley could only maintain the defense of ownership by showing performance of conditions by him and even in such case that would not necessarily defeat plaintiff's right to immediate possession when the action was brought.

We have examined the cases cited by the petitioner from the jurisdictions of Arkansas, Iowa, Kansas and Nebraska and find that they are not analogous to the question presented in this case as to the claim of right of a third

person to be substituted as a defendant in an action of replevin in this State.

It is the judgment of the Court that the writ of certiorari be and the same is hereby quashed.

TERRELL and BUFORD, J. J., concur.

WHITFIELD, C. J., and BROWN and DAVIS, J. J., concur in the opinion and judgment.