CITY OF LAKELAND v. SELECT TENURES, INC.

176 So. 274.
Division A.
Opinion Filed September 27, 1937.

*Carver & Langston,* for Plaintiff in Error;

*Patrick H. Mears* and *Smith & Petteway,* for Defendant in Error.

BUFORD, J.—Defendant in error was plaintiff in the court below and sued the defendant, City of Lakeland, Florida, a Municipal Corporation, plaintiff in error here, in a law action to recover judgment on three municipal improvement bonds of the face value of One Thousand ($1,000) Dollars each, together with interest due on the interest coupons attached to the bonds.

Demurrer was filed and overruled.

The defendant then filed pleas to the declaration in the following language:

"First Plea: That it denies that the plaintiff is the owner and holder of the bonds and coupons, or any of them, set forth and mentioned in plaintiff's declaration, but says that the plaintiff is not the owner and holder of the said bonds and coupons, or any of them, but that one C. A. Hardwick of the City of Lakeland, Florida, is in fact and in truth the owner and holder of them, and each of them.

"Second Plea. That the plaintiff, Select Tenures, is not the real party in interest in the above styled suit; that it is neither the owner and holder of the bonds and coupons set forth and described in the plaintiff's declaration; that it is not the owner and holder of any of such bonds, but that one C. A. Hardwick is the owner and holder thereof."

Demurrers to both pleas were filed and sustained. Default judgment was entered and thereafter final judgment was entered upon proof of claim.

Writ of error was sued out.

There are two questions presented. One is, whether or not the pleas were sufficient; and the other is, whether or not the demurrer to the declaration should have been sustained upon ground two (2) of the demurrer, which was as follows:

"2. The Court take judicial notice that the present City of Lakeland, Florida, was not in existence at the time of the issuance of the coupons in question."

We can see no useful purpose to be served by dealing at length with the questions involved. Bearing in mind that this is a law action and not a mandamus proceeding, it is unnecessary for us to comment on what has been said in cases involving the right to coerce action by mandamus. Dealing with the legal principles applicable to cases at law to recover judgments on such obligations as those here involved, we find the contention of the plaintiff in error is not tenable.

The title or interest of the holder of commercial paper cannot be disputed or inquired into unless such course is necessary for the purpose of a legitimate defense, nor unless a meritorious defense is presented. In the case of Jones v. Central Hanover Bank & Trust Co., 110 Fla. 69, 147 So. 895, we said:

"One who holds the full legal title to a promissory note by assignment, may maintain an action thereon against the maker, notwithstanding he has no beneficial interest in the proceeds. The title or interest of the holder of commercial paper cannot be disputed or inquired into unless necessary for the purpose of a legitimate defense, nor unless a meritorious defense is presented. The maker of commercial paper cannot, as against the endorsee holder thereof, defend against it upon the ground that the holder is not a *bona fide* holder for value, unless he at the same time asserts some good defense against the original payee or holder which would be good against the latter if he were the plaintiff, in which case he may challenge the *bona fides* of the endorsee's holding in order to let in a defense that would be good against the original payee or his endorsee, where to deny him that privilege would deprive him of the benefit of such defense." Citing 3 R. C. L. 990.

And again in that opinion we said:

"It is not a good plea to allege that a note sued on is the property of another, and not of the plaintiff, without showing some substantial matter of defense against the one asserted to be the owner, and which could not be set up against the plaintiff. Brown v. First National Bank, 86 Fla. 198, 97 Sou. Rep. 351; McCallum v. Driggs, 35 Fla. 277, 17 Sou. Rep. 407, Gregory v. McNealy, 12 Fla. 578.

"If plaintiff in a suit on commercial paper is vested with the legal title he may maintain an action on such paper without regard to equities existing between himself and his assignor or endorser. The rule is that the holder may sue, although not the full owner, if the maker is not thereby prejudiced in his defense. 8 C. J. 822. There is, of course, an apparent exception to this rule where plaintiff's *possession* of the paper he sues on is *mala fides*."

The rule here enunciated was also enunciated in the case of Durham v. Meyer, 114 Fla. 594, 154 Sou. 702. In this connection it may be well to say that in the case of State, *ex rel.* Harris, v. Gautier, 108 Fla. 390, 147 Sou. 240, upon which the plaintiff in error appears to rely, we were considering the relator's right to coerce by mandamus a public official in regard to alleged official duties. Paragraph 14 of the answer in that case was as follows:

"14. Affirmatively answering respondents further say that the relators came into possession of all the bonds now held by them, as alleged in the Alternative Writ of Mandamus, as agents and trustees for the City of Miami, and while acting in the employ of the City of Miami as agents, trustees and brokers, for the purpose of effecting an exchange of the said bonds for other and new bonds which The City of Miami contemplated floating, and which have already been duly and legally authorized and executed, and which are now ready for delivery; that each and all of the bonds held by the relators, if any, were received by them and are still held by them as agents for the City of Miami, and not in their individual right; and that the relators are neither the owners nor holders or bearers in due course for a valuable consideration; and that the relators are not the real parties in interest."

Paragraph 15 of the answer is, in part, as follows:

"15. Further answering respondents say that The City of Miami, in the early part of 1931, realized that owing to financial conditions and the general depression it would be unable to meet outstanding obligations which had been previously executed by the City of Miami, or by officers purporting to represent The City of Miami; that it thereupon conceived the idea of executing and delivering a refunding bond issue that would take up all bonds which were appar-

ently due and payable and any and all bonds which would become due and payable during the next succeeding ten years; that in order to enable it to carry out its desires it procured the passage of an Act of the Legislature at the 1931 Session of the Florida Legislature, entitled:"

It is not necessary to quote further from the answer. It is sufficient to say that the further allegations were such that if true the relators were proceeding in violation of their fiduciary relations. The language used by Mr. Justice BROWN in that opinion as follows:

"The relators in their petition and alternative writ assert that they are 'jointly the bearers and owners' of the bonds described therein. The respondents in their answer to this allegation say that: 'These respondents * * * positively deny that the relators are jointly the bearers and owners of said bonds or any of them." This tendered a direct issue of fact. The answer also uses the following language: 'The relators are neither the owners, nor holders nor bearers in due course for valuable consideration, and the relators are not the real parties in interest;"—must be read in connection with the other parts of the opinion and when so read it is clearly seen that the answer contained much more than the allegation that "these respondents * * * positively deny that the relators are jointly the bearers and owners of said bonds or any of them," and that such other allegations were sufficient to constitute a defense in that suit.

In the case of Bringley v. C. I. T. Corporation, 119 Fla. 529, 160 Sou. 680, the question as to whether or not the allegation of the pleas was sufficient to constitute a defense under the provisions of Section 2561 R. G. S., 4201 C. G. L., was definitely determined adversely to the contention of the plaintiff in error. In the case of McCallum

and Greely v. Driggs, 35 Fla. 277, 17 Sou. 407, quoting from 2 Daniel, Negotiable Instruments, 1191, we said:

"The law is now too well settled to admit of longer controversy that an action on a bill or note payable to bearer, or endorsed in blank, may be maintained in the name of the nominal holder who is not the owner by the owner's consent; and that possession by such nominal holder is *prima facie* sufficient evidence of his right to sue, and cannot be rebutted by proof that he has no beneficial interest, or by anything else but proof of *mala fides*. And, as has been said in Maryland, by Chambers, J.: 'Courts will never inquire whether a plaintiff sues for himself or as trustee for another, nor into the right of possession, unless in an allegation of *mala fides,* and the blank endorsement may be filled up at the moment of trial.' "

The pleas entirely lack any averment of *mala fides.*

In the case of Bringley v. C. I. T. Corporation, *supra,* we said: "The statute of this State providing that any civil action at law may be maintained in the name of the real party in interest. Sec. 4201, C. G. L. 1927, is permissive only."

The other contention that the demurrer to the declaration should have been sustained upon ground 2 hereinabove quoted is not tenable. It is well settled in this jurisdiction that where a public statute is applicable to a case it is sufficient that the pleading of the party who seeks to rely upon the statute should allege sufficient facts to bring the case within it and it is not necessary to designate or refer to the statute. It is not necessary to plead the statute if the facts pleaded are sufficient to bring the case within it. See Dade County v. City of Miami, 77 Fla. 786, 82 Sou. 354. This must be the rule because the court takes judicial cognizance of all public statutes. The suggestion is

that the court will take judicial cognizance of the statute which abolished the municipality of the City of Lakeland which existed at the time the bonds were issued, and created a new municipality as the City of Lakeland and provided in that Act that all outstanding bonded indebtedness and other obligations of the former City of Lakeland should be assumed and become the general and binding obligations of the newly created municipality and, therefore, it became essential for the plaintiff to plead the assumption of the obligation as imposed by the statute abolishing the old city and creating the new.

The contention is not tenable because, (1) a demurrer only reaches those defects which are apparent on the face of the pleading. But (2) if the court should go outside the allegations of the pleading and take judicial cognizance of the Act abolishing the old City of Lakeland and creating the new City of Lakeland it would at the same time take judicial cognizance of the contents of that Act and find that under the law the allegations of the declaration are sufficient to show that the City of Lakeland is legally liable on the bonds and interest coupons.

There was no motion for compulsory amendment. By this we do not mean to intimate that there was any necessity for amendment.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.