THORNAL, Justice.
Appellants who were defendants below seek reversal of the final decree which granted an injunction against appellants in a proceeding brought by the appellee to enjoin the expenditure of county funds in connection with the hog cholera inoculation program in Columbia County.
The principal question to be settled is whether the County Agent of Columbia and his assistant, neither of whom is a licensed veterinarian, can legally inoculate hogs against cholera.
Alleging himself to be a taxpayer and citizen, the appellee filed a complaint against the appellants as the Board of County Commissioners of Columbia County seeking an injunction to prohibit them from supplementing, out of county funds, salaries of the County Agent and the Assistant County Agent both of whom had been designated by the Florida Livestock Board to inoculate hogs in Columbia County against the disease commonly known as hog cholera. The supplemental salary of each agent was $35 per month.
The Florida Livestock Board had delegated the responsibility to the County Agent *767 and the Assistant County Agent by identical letters which read as follows:
“You are hereby granted temporary permission by the Florida Livestock Board to use the simultaneous treatment for the prevention of hog cholera in Columbia County, Florida.
“It is understood that the Board is to have your cooperation and support and to this end it will be necessary for you to promptly make out all reports required by the Board.”
Neither of the agents was a licensed veterinarian.
Appellee grounded his complaint on Section 474.07, Florida Statutes, F.S.A., which defines a practitioner of veterinary medicine as one “who shall operate on, or prescribe for, or administer any medicine, or any biologic preparation to, either as a cure or preventive for any disease, * * * ” of any animal. The statute exempted certain people but county agents were not included within the exemption.
Section 474.08, Florida Statutes, F.S.A., provides a penalty for one who practices veterinary medicine without having qualified under the Act.
Appellants defended by relying on Section 585.32, Florida Statutes, F.S.A., which in part authorizes the Florida Livestock Board to “distribute” hog cholera serum “through employees of said board, licensed veterinarians and recognized and approved agents of the state and federal governments * * *.”
Appellee contended in his complaint that the expenditure of public funds to supplement the salaries of the County and Assistant County Agents was illegal because under the cited statutes they could not legally inoculate the hogs.
The Chancellor agreed with the appellee and entered an injunction prohibiting the further expenditure of public funds for the stated purpose. Appellant seeks reversal of this order.
Although we have not been favored with a brief by the appellee, a practice which we do not approve, the appellants tender the same contentions in this court as they did to the Chancellor below.
We are impressed by the careful and thorough analysis of the situation reflected by the final decree of the able and experienced Chancellor. In the decree he recognized the importance of the cholera serum inoculation program to the farmers and hog owners of the state and stated his personal satisfaction with the competence and ability of the County Agent and his assistant. Relying, however, on the statutes which were evidently the only statutes cited to him by the parties below, he entered the injunction order. Admittedly, if these were the only statutes involved, we would be inclined to concur in the conclusion reached by the Chancellor for the simple reason that Section 585.32, Florida Statutes, F.S.A., relied upon by the appellants merely authorizes the Florida Livestock Board to “distribute” the cholera serum through employees of the Board. This section does not authorize the Board or its agents to inoculate the hogs.
According to Webster’s New International Dictionary “distribute” means “To divide among several or many; to deal out; allot.” We, like the Chancellor, do not believe that authority to “distribute” includes authority to “inoculate” which is defined by Maloy’s Medical Dictionary for Lawyers to mean “ * * * to inject or insert serums, vaccines or antigens for preventive or curative purposes”.
Apparently, the parties in the trial court and in this court have overlooked the provisions of Sections 585.15 and 585.16, Florida Statutes, F.S.A. By Section 585.15, Florida Statutes, F.S.A., the Legislature defined certain dangerous transmissible diseases of animals as including hog cholera. Section 585.16, Florida Statutes, F.S.A., in part provides:
“585.16 Powers of board in connection with certain diseases' *
*768 “Whenever any of the diseases enumerated in § 585.15 or any disease now or hereafter proclaimed by the Florida livestock board to be of a dangerous or transmissible nature, shall exist anywhere within the state, or whenever it is deemed necessary or advisable to dip, examine, test, treat or destroy, the board may, or through its representatives and agents, dip, examine, test, treat or destroy, any infected, exposed, suspected or susceptible animal * * (Emphasis added.)
We read all of these statutes as being in pari materia but even if they were not, Section 585.16, Florida Statutes, F. S.A., is an enactment subsequent to Section 474.07, Florida Statutes, F.S.A., relied upon by the appellee and to the extent applicable to the matter before us would supersede the provisions of the earlier Act.
It is clear from Section 585.16, Florida Statutes, F.S.A., that the Florida Livestock Board through its representatives and agents may “examine, test, treat or destroy” any animal susceptible of a dangerous transmissible disease which by the legislative definition includes hog cholera. Since hogs are susceptible to hog cholera and since it requires no stretch of the imagination to hold that inoculation of the anti-cholera serum is merely treating the animal by the use of preventive medicine, we are then logically led to the conclusion that the Florida Livestock Board may “through its representatives and agents” inoculate hogs with the anti-cholera serum regardless of the provisions of Chapter 474 regulating the practice of veterinary medicine.
We do not overlook the proposition that under this holding, the County Agent and his assistant are technically considered to be representatives of the State Livestock Board under authority of the letters described above and that the appellee is seeking to enjoin the expenditure of county funds. This is not a problem of any great concern. We have on several occasions held that a state agency may serve a local purpose as well as a state purpose and that under such circumstances to the extent that the county purpose is served, a county may expend county funds to supplement the expenditure of state funds in accomplishing the county purpose which in the particular case happens to be part and parcel of the state purpose. See Florida Power Corporation v. Pinellas Utility Board, Fla. 1949, 40 So.2d 350; and State ex rel. Simmons v. Lee, 119 Fla. 745, 160 So. 886.
Although admittedly the control and prevention of dangerous transmissible animal diseases is an appropriate function of the State Livestock Board, it is likewise of vital consequence to the hog owners of any particular county that the disease be prevented. To that end the county serves the hog owners within its jurisdiction by supplying funds to provide the inoculation service. We can see no valid objection to the expenditure of county funds to accomplish this desirable objective.
As stated above and in fairness to the Chancellor, it is apparent that the statutes on which this decision has been turned were evidently not brought to his attention by the parties below. Nonetheless, they are the law of this state and appear to control the matter before us. We have no alternative but to follow them.
For the reasons stated, the decree appealed from is reversed and the cause remanded for appropriate proceedings in accordance with this opinion.
DREW, C. J., and TERRELL and HOBSON, JJ., concur.