PER CURIAM.
Appellant Grace L. Boynton was plaintiff below in a replevin action which resulted in a judgment in favor of the defendant, Charles H. Harbison.
It appears that in February 1960 the appellant lost a “Cartier” diamond circlet pin. In late March or early April 1960 the defendant’s minor daughter found a diamond pin on the public beach of Delray Beach, Florida. This circumstance became known to the appellant who proceeded to bring the replevin action aforesaid. The defendant denied that the diamond pin which was found was the same pin described in the replevin proceedings. The issue was tried before the court who found and held from the evidence that the plaintiff had not carried the requisite burden of establishing the identity of the subject pin as that which she claimed to have lost.
We have carefully examined the record and find no basis for disturbing the judgment appealed. There were a considerable number of evidentiary conflicts, doubts and uncertainties as to description and value. We therefore cannot conclude that the trial court erred in holding, in effect, that the article found by the defendant’s daughter failed to fit the description of the article allegedly lost by the plaintiff as described in the complaint and by various witnesses. A plaintiff in replevin cannot prevail unless he affirmatively establishes by clear and convincing evidence his right to possession of the specific property sought to be recovered. See Bringley v. C. I. T. Corporation, 1935, 119 Fla. 529 at 537, 160 So. 680; Richbourg et al. v. Rose, 1907, 53 Fla. 173 at 190, 44 So. 69; Holliday v. McKinne, 1886, 22 Fla. 153; F.S. § 78.02(4), F.S.A.
Affirmed.
SHANNON, C. J., and KANNER and WHITE, JJ., concur.