174 So.2d 470 (1965)
SOUTHSIDE ATLANTIC BANK, a Florida banking corporation, Appellant,
v.
William F. LEWIS, Appellee.
No. F-522.
District Court of Appeal of Florida. First District.
April 27, 1965.
McCarthy, Adams & Foote, Jacksonville, for appellant.
Thames & McCollum, Jacksonville, for appellee.
RAWLS, Judge.
Plaintiff Southside Atlantic Bank appeals an adverse judgment in a replevin action. The Bank's only point on appeal is whether it is entitled to possession of the vehicle in question under the factual situation set forth below.
Defendant Lewis was interested in purchasing a used Cadillac from McClellan Motors, but he told the salesman he couldn't pay over $70.00 per month for more than 18 months. The salesman called Southside Atlantic Bank to arrange the financing. Mr. Joseph F. Paul, Assistant Vice President of the Bank, drafted a conditional sales contract providing for 18 monthly installment payments of $70.81, a down payment of $269.00 and a trade-in allowance of $695.00 on the purchase price of the $2,449.75 used Cadillac. Lewis agreed to these terms, the sale was made, the contract signed and title was transferred by the dealer to the bank for $1,485.00.
When the contract was returned to the Bank, Paul realized a mistake had been *471 made and that the monthly payment should have been $90.81. Without consulting either of the contracting parties, Paul changed the $70.81 figure to read $90.81 and sent Lewis a payment booklet. When Lewis received the payment booklet and noticed the larger payments, he went to see Paul complaining that he had only agreed to pay $70.81 for 18 payments. The evidence is conflicting as to what transpired in this meeting. According to Lewis's testimony Paul agreed to straighten out the matter and had Lewis sign another conditional sales contract in blank. According to Paul's testimony, he discussed with Lewis the terms of a new contract which was filled out and then signed by Lewis. Paul knew of no consideration going to Lewis for signing the second contract.
The second contract provided for 24 installment payments of $70.20 each and increased the finance charges and the cost of insurance. The original contract and payment book were stamped "paid" and mailed to Lewis. When Lewis received the second contract, he again contacted Paul complaining that it did not conform to what he had agreed to pay for the car which was $70.81 for 18 months. Lewis testified that Paul agreed to straighten out the matter with McClellan Motors and told him to go ahead and make the payments. This Lewis did for two months.
Through another inadvertance, title certificate was issued to Lewis without showing the Bank's lien. Although Lewis does not claim ownership and readily recognizes the debt he owes on the car, he refused to return the title certificate or to make further payments until his contract was revised to reflect the terms to which he had agreed.
The Bank's attempt to repossess the car without judicial proceedings failed, and it brought this action in replevin alleging right of possession in the Bank by virtue of the second conditional sales contract and its assignment. The cause was tried before a jury which found for defendant Lewis and fixed his interest in the car at $855.15.
Appellant argues that even though the terms of the conditional sales contract were in dispute, ownership was transferred to it through the assignment of the conditional sales contract and ownership in Lewis was contingent upon his paying the balance due on the car  a debt he admits he incurred although the amount is in dispute. The Appellant Bank further argues that Lewis's only defense in a replevin action based upon a conditional sales contract is to show performance of conditions or matters sufficient to extinguish the title to the plaintiff. To support this argument the appellant relies upon Stokes v. Humphries.[1]
The only issue to be determined in a replevin action is the right of possession. The question of title is secondary and unimportant where title and the right to immediate possession have been separated.[2] Recovery by the plaintiff depends upon the strength of his own right of possession, not on the weakness of that of the defendant.[3] In its complaint the Bank alleged that it had the right of possession by virtue of the second conditional sales contract and its assignment. The validity of this contract was in dispute. The jury apparently believed Lewis's story and found that contract invalid and, therefore, the Bank had no right of possession under its terms. There was sufficient evidence to support such a finding.
A defendant in a statutory replevin action may present any evidence of special matter which goes to show that plaintiff is *472 not entitled to possession[4] and may even counterclaim when the same represents a specific charge against the property or goes to the right of the plaintiff to recover the specific property.[5] The Southside Atlantic Bank, having destroyed the very foundation upon which it had the right to immediate possession, has failed to prove a right greater than that of the defendant to support a judgment in its favor in replevin. Therefore, we
Affirm.
STURGIS, C.J., and PATTEN, GEORGE L., Associate Judge, concur.
NOTES
[1] Stokes v. Humphries, 69 Fla. 468, 68 So. 448 (1915).
[2] Bringley v. C.I.T. Corp., 119 Fla. 529, 160 So. 680 (1935).
[3] Richbourg v. Rose, 53 Fla. 173, 44 So. 69, 125 Am.St.Rep. 1061, 12 Ann.Cas. 274 (1907); and Gracy v. Seaboard Air Line Ry., 69 Fla. 301, 68 So. 722 (1915).
[4] Bringley v. C.I.T. Corp., 119 Fla. 529, 160 So. 680 (1935); Delco Light Co. v. John LeRoy Hutchinson Properties, 99 Fla. 410, 128 So. 831 (1930).
[5] Sandy Isles of Miami, Inc. v. Futernick, 154 So.2d 355 (Fla.App.3d, 1963).