PER CURIAM.
Dade County appeals from a final judgment for the plaintiff, McKenn, in a re-plevin action.
The plaintiff, McKenn, filed his complaint in replevin against Dade County Public Safety Department, a subdivision of Metropolitan Dade County, Florida. The complaint for replevin was filed without bond. See Fla.Stat. § 78.01, F.S.A.
The defendant filed its answer admitting that it had the property which the plaintiff sought to recover in its custody but denied that it was withholding the money from the plaintiff. It alleged that the property in question had been taken from a third party.
We express no opinion concerning the propriety of service of process on the defendant as named herein, since this question was not raised in the trial court, Cf. Henry v. Spitler, 67 Fla. 146, 64 So. 745 (1914).
The appellant has raised several points for reversal. It is not necessary to detail the jurisdictional dispute inherent in this matter between the Criminal Court of Record, in and for Dade County, Florida, and the Civil Court of Record, in and for Dade County, Florida, since the appeal may be decided without reaching this point.
A careful review of the record reveals that, notwithstanding the jurisdictional problem, the plaintiff failed to prove his case by a preponderance of the evidence. The burden was on plaintiff to prove that he was entitled to the immediate possession of the property involved herein. See Boynton v. Harbison, Fla.App. 1961, 135 So.2d 234. Plaintiff failed to prove that he had a right to possession of the specific property, to-wit: money, which he sought to recover.
This cause be and the same is, therefore, reversed and remanded to the trial court with instructions to enter a final judgment for the appellant.
Reversed and remanded.