NESBITT, Associate Judge
(dissenting).
I dissent. In my view the case should be reversed and remanded to the trial court for a determination on the issue of undue influence in accordance with the greater weight of the evidence.
At trial appellants as proponents of the 1970 will established the formal execution and attestation thereof as required by Florida Statute 732.31, F.S.A. The evidence produced by appellants went far beyond the requirements of Section 732.31 supra. That evidence which is fairly recited in Judge Johnson’s opinion, if believed by the trier of fact, tended to demonstrate the capacity, ability and alertness of the testatrix at the time of execution of the 1970 will. Appellee contestants relied exclusively upon cross-examination of the proponents witnesses to develop the foundation facts in support of their affirmative defense of undue influence. That evidence showed the challenged will was executed while the testatrix was hospitalized in August, 1970 which was her fourth hospital admittance during that calendar year. The testatrix was eighty-one (81) years of age. She was in a generally degenerative condition and medicated in response to many needs. Her daughters lived with her and spent considerable time with her in the hospital. It was during the August hospitalization that she requested the assistance of her son Jesse in the preparation of a will. Jesse selected the drafting attorney and instructed him as to its contents. That will was received by one of the daughters who transmitted it to her mother in the hospital and was present during its execution. The day following execution of the will one of the daughters drove the testatrix to a parking lot adjacent to the drafting attorney’s office. At that time she revoked a previous power-of-attorney in favor of son Conrad and executed a similar new power in favor of her daughter, Genevieve. The following December she executed a deed to her homeplace to Genevieve. During the same month the testatrix was re-admitted to the hospital suffering from pneumonia. The foregoing evidence, if accepted by the trier of fact, as it evidently was, was sufficient to create a presumption of undue influence and shift the burden to the proponents to come with a reasonable explanation for their active participation in the affairs of the testatrix. In Re Estate of Carpenter, Fla.1971, 253 So.2d 697. When the proponents rested their case in chief the contestants similarly rested relying solely upon the evidence they adduced in cross-examination of the proponents’ witnesses. The proponents offered no rebuttal testimony. In this posture of producing evidence contestants evidently persuaded the trial court that the case should be determined upon presumption of undue influence created since the judgment appealed from recites that the proponents “have not come forward with an explanation” as to their participation in the testatrix’s affairs. There was no need for the proponents to do so. The evidence they had adduced during their case in chief dispelled the presumption that arose from the evidence adduced by the contestants during cross-examination. As a result of neither parties’ failure to object to the others testimony the evidence adduced was entitled to all probative force and effect normally accorded such evidence. Gracey v. Seaboard Air Line Ry., 1915, 69 Fla. 301, 68 So. 722. At that point the presumption was relegated to the dignity of a permissive inference. In that posture the trial court’s resolution of the matter should have been based upon a consideration of all of the evidence adduced. Gulf Heating Co. v. Iowa Mutual Ins. Co., Fla. 1967, 193 So.2d 4. Since the judgment appealed from denied the questioned will to probate solely on the basis of the presumption rather than upon the greater weight of the evidence the judgment appealed from' should be reversed and remanded to the trial court for such determination and in conformity with In Re Estate of Carpenter, supra.