BOYD, Justice,
dissenting.
I dissent because I find that this Court has jurisdiction to review the decision of the district court of appeal. Moreover I believe that the district court’s decision is erroneous. I would exercise jurisdiction and quash the decision of the district court of appeal.
There is express and direct conflict between the decision of the district court of appeal in the instant case and the decision of another district court, Adoption Hot Line, Inc. v. State Dept. of Health and Rehabilitative Services ex rel. Rothman, 385 So.2d 682 (Fla. 3d DCA 1980). The conflict appears “within the four corners of the majority decision.” Reaves v. State, 485 So.2d 829, 830 (Fla.1986). The fact that in the instant case the district court characterized its decision as pertaining to “standing” is immaterial. The fact is that in Adoption Hot Line the district court *890 held that the Department of Health and Rehabilitative Services had statutory authority to seek injunctive relief in aid of enforcement of laws regulating adoption. In the present case another district has held that the Department does not have such statutory authority. The conflict could not be any more express and direct. The inaccurate use of the word “standing” does not alter the fact that the district court passed on a question of statutory authority. Thus the factual distinction relied upon by the Court is without substance. On the real issue of statutory interpretation there is express and direct conflict.*
Section 63.212(1), Florida Statutes (Supp. 1984), provides in pertinent part as follows:
(1) It is unlawful for any person:
(a) Except the Department of Health and Rehabilitative Services or an agency, to place or attempt to place without the state a child for adoption unless the child is placed with a relative within the third degree or with a stepparent.
(b) Except the Department of Health and Rehabilitative Services or an agency, to place or attempt to place a child for adoption with a family whose primary residence and place of employment is in another state unless the child is placed with a relative within the third degree or with a stepparent.
(c) Except the Department of Health and Rehabilitative Services, an agency, or an intermediary, to place or attempt to place within the state a child for adoption unless the child is placed with a relative within the third degree or with a stepparent. This prohibition, however, does not apply to a person who is placing or attempting to place a child for the purpose of adoption with the Department of
Health and Rehabilitative Services or an agency or through an intermediary.
(f) To assist in the commission of any act prohibited in paragraph (a), paragraph (b), paragraph (c), paragraph (d), or paragraph (e).
(g) Except the Department of Health and Rehabilitative Services or an agency, to charge or accept any fee or compensation of any nature from anyone for making a referral in connection with an adoption.
(h) Except the Department of Health and Rehabilitative Services, an agency, or an intermediary, to advertise or offer to the public, in any way, by any medium whatever the placement of a child for adoption.
Section 409.175(2)(d), Florida Statutes (Supp.1984), provides in pertinent part as follows:
“Child-placing agency” means any person, corporation, or agency, public or private, other than the parent or legal guardian of the child or an intermediary acting pursuant to chapter 63, that ... places or arranges for the placement of a child in ... [an] adoptive home.
Section 409.175(3)(b), provides:
A person or agency, other than a parent or legal guardian of the child or an intermediary as defined in s. 63.032, shall not place or arrange for the placement of a child in a family foster home, residential child-caring agency, or adoptive home unless such person or agency has first procured a license from the department to do so.
Section 409.175(9) and (10) provide as follows:
(9)(a) The department may institute injunctive proceedings in a court of competent jurisdiction to:
*891 1. Enforce the provisions of this section or any license requirement, rule, or order issued or entered into pursuant thereto; or
2. Terminate the operation of an agency in which any of the following conditions exist:
a. The licensee has failed to take preventive or corrective measures in accordance with any order of the department to maintain conformity with licensing requirements.
b. If there is a violation of any of the provisions of this section, or of any licensing requirement promulgated pursuant to this section, which violation threatens harm to any child or which constitutes an emergency requiring immediate action.
(b) If the department finds, within 30 days after written notification by registered mail of the requirement for licen-sure, that a person or agency continues to care for or to place children without a license, the department shall notify the appropriate state attorney of the violation of law and, if necessary, shall institute a civil suit to enjoin the person or agency from continuing the placement or care of children.
(c) Such injunctive relief may be temporary or permanent.
(10)(a) The department is authorized to seek compliance with the licensing requirements of this section to the fullest extent possible by reliance on administrative sanctions and civil actions.
(b) If the department determines that a person or agency is caring for a child or is placing a child without a valid license issued by the department or has made a willful or intentional misstatement on any license application or other document required to be filed in connection with an application for a license, the department, as an alternative to or in conjunction with an administrative action against such person or agency, shall make a reasonable attempt to discuss each violation with, and recommend corrective action to, the person or the administrator of the agency, prior to written notification thereof. The department, instead of fixing a period within which the person or agency must enter into compliance with the licensing requirements, may request a plan of corrective action from the person or agency that demonstrates a good faith effort to remedy each violation by a specific date, subject to the approval of the department.
(c) Any action taken to correct a violation shall be documented in writing by the person or administrator of the agency and verified through follow-up visits by licensing personnel of the department.
(d) If the person or agency has failed to remedy each violation by the specific date agreed upon with the department, the department shall within 30 days notify the person or agency by certified mail of its intention to refer the violation or violations to the office of the state attorney.
(e) If the person or agency fails to come into compliance with the licensing requirements within 30 days of written notification, it is the intent of the Legislature that the department within 30 days refer the violation or violations to the office of the state attorney.
(Emphasis supplied). It is clear from the foregoing statutes that the legislature intended to confer upon the Department the authority to bring civil actions for enforcement while referring cases to the state attorney to prosecute criminal violations.
These various statutory provisions are remedial in nature and should be given a liberal construction so as to facilitate achievement of the legislative purpose. The Department’s complaint alleged facts showing that state laws regarding adoption referrals were being violated. The complaint specifically alleged that the defendant was charging fees for referring pregnant women to agents or representatives of prospective adoptive parents and was therefore acting as an unlicensed child-placing agency. Thus the complaint alleged sufficient facts to establish the Depart- *892 merit’s authority to seek injunctive relief. After an evidentiary hearing the trial court granted a temporary injunction.
The fact that section 409.175 was not specifically brought to the district court’s attention did not relieve that court of the obligation to follow the law. Bedenbaugh v. Adams, 88 So.2d 765 (Fla.1956). Moreover, because the Department brought the complaint pursuant to statutory authority, it was not required to allege that there was no adequate legal remedy or that there would be irreparable harm without court relief. See Rich v. Ryals, 212 So.2d 641 (Fla.1968).
For the foregoing reasons I would exercise jurisdiction, quash the decision of the district- court, and direct that the trial court’s orders be affirmed.
OVERTON, J., concurs.

 To the extent that the district court’s opinion can be read to hold that the Department’s complaint was insufficient because it did not fully set forth the statutory authority for the seeking of an injunction, the decision conflicts with cases stating the well recognized principle that a complaint need not set forth statutory provisions if the facts alleged are sufficient to bring the case within the requirements of the statutory law. E.g., City of Lakeland v. Select Tenures, Inc., 129 Fla. 338, 176 So. 274 (1937); Dade County v. City of Miami, 77 Fla. 786, 82 So. 354 (1919); Barnett Bank of Jacksonville v. Jacksonville National Bank, 457 So.2d 535 (Fla. 1st DCA 1984); Vance v. Indian Hammock Hunt & Riding Club, 403 So.2d 1367 (Fla. 4th DCA 1981).